J-S09037-23

2024 PA Super 15

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| FLOYD WATSON | : | |
| | : | |
| Appellant | : | No. 1049 WDA 2022 |

Appeal from the Judgment of Sentence Entered March 23, 2022
In the Court of Common Pleas of Clarion County
Criminal Division at No(s): CP-16-CR-0000086-2020

BEFORE: BENDER, P.J.E., BOWES, J., and SULLIVAN, J.

OPINION BY SULLIVAN, J.: **FILED: January 29, 2024**

Floyd Watson ("Watson") appeals from the judgment of sentence entered following his jury convictions for one count of rape, fourteen counts of involuntary deviate sexual intercourse ("IDSI"), fourteen counts of IDSI of a person less than sixteen years of age, fourteen counts of sexual assault, thirteen counts of aggravated indecent assault, thirteen counts of aggravated indecent assault of a person less than sixteen years of age, one count of endangering the welfare of a child, one count of corruption of minors, thirteen counts of indecent assault, of a person less than sixteen years of age, and fourteen counts of statutory sexual assault.[1] After careful review, we are constrained to dismiss the appeal.

---

[1] **See** 18 Pa.C.S.A. §§ 3121(a)(1), 3123(a)(2), 3123(a)(7), 3124.1, 3125(a)(1), 3125(a)(8), 4304(a)(1), 6301(a)(1)(ii), 3126(a)(1), 3126(a)(8), and 3122.1(b).

A detailed recitation of the underlying factual history is not necessary for this appeal. We briefly note that a jury convicted Watson of the above offenses which resulted from the sexual abuse of his stepdaughter, starting when the victim was eleven, and ending when she was seventeen. *See* N.T., 9/23/21, at 27. Prior to sentencing, Watson retained new counsel ("new counsel") and trial counsel subsequently withdrew his appearance. The trial court sentenced Watson to an aggregate term of twenty-seven to sixty years in prison. The trial court also found Watson to be a sexually violent predator. *See* Order, 3/4/22.

Watson, through new counsel, timely filed a post-sentence motion and an amended post-sentence motion. It only raised claims of ineffective assistance of trial counsel. *See* Amended Post-Sentence Motion, 5/18/22, at 1-2. The amended post-sentence motion concluded with the following statement, "[Watson] has been advised that in raising ineffectiveness now, he waives the right to raising [*sic*] issues of merit on direct appeal." *Id*. at 2.

At an evidentiary hearing on Watson's motion, there was no discussion between the court and the parties about the propriety of raising issues concerning ineffective assistance of counsel in an amended post-sentence motion. *See* N.T., 6/20/22, at 3. Instead, new counsel immediately called Watson to the stand, and asked the following preliminary questions:

> [New Counsel]: [Watson], before we go any further, I've advised you that in your [amended] post[-]sentence motion that you're raising ineffectiveness of counsel, correct?

[Watson]: Yes.

[New Counsel]: And I've advised you that raising it in your [amended] post[-]sentence motion means that the Superior Court of Pennsylvania will not, you're not going to be raising questions of merit. Do you remember that?

[Watson]: Yes.

[New Counsel]: Okay. And I've advised you that you **have to make a choice of doing one or the other** and you chose to raise ineffectiveness of counsel, correct?

[Watson]: Yes.

[New Counsel]: Okay. And nobody's forced you. You're making this decision voluntarily, correct?

[Watson]: Yes.

*Id*. at 4-5 (emphasis added). Trial counsel then proceeded to question Watson about the substance of his claims of ineffective assistance of counsel, and trial counsel also testified. On August 29, 2022, the trial court issued an opinion denying Watson's amended post-sentence motion.[2] The instant, timely appeal followed.[3]

---

[2] We note more than 120 days passed between the filing of the amended post-sentence motion and the trial court's denial of it. **See** Pa.R.Crim.P. 720(B)(3)(a).

[3] This Court has found a breakdown in the trial court when a post-sentence motion is not disposed within 120 days and/or the clerk of the courts has not deemed the motion denied by operation of law and sent a copy of the order to the parties. **See Commonwealth v. Perry**, 820 A.2d 734, 735 (Pa. Super. 2003). When a trial court denies a post-sentence motion after the 120-day period and the appellant, as he did here, files a notice of appeal within 30 days
*(Footnote Continued Next Page)*

On appeal, Watson raises the following issues:

1. Whether the trial court abused its discretion or [erred] as a matter of law when the trial court concluded that [t]rial counsel was not ineffective for failing to permit the defendant to testify at trial[?]

2. Whether the trial court abused its discretion or [erred] as a matter of law when the trial court concluded that . . . trial counsel was not ineffective for failing [to] present numerous pieces of evidence[,] including text messages[,] that would have impeached witnesses' testimony[?]

3. Whether the trial court abused its discretion or [erred] as a matter of law when the trial court concluded that trial counsel was not ineffective for failing [to file] a pretrial motion raising the issue [of] the victim having [a] prior sexual[ly] transmitted disease as required under the Rape Shield Statute[?]

4. Whether the trial court abused its discretion or [erred] as a matter of law when the trial court concluded that trial counsel did not fail to object to the district attorney's closing when the district attorney remarked that the defendant confessed and said the defendant was guilty[?]

Watson's Brief at 5-6.

All of Watson's issues concern assertions of ineffective assistance of counsel. *See* Watson's Brief at 12-27. Before addressing the substance of these issues, we must determine whether it was proper for Watson to raise them in a post-verdict motion and whether the trial court appropriately exercised its discretion in entertaining the claims.

---

of the denial, the appeal is deemed timely. *See id*. Watson and the trial court complied with Pa.R.A.P. 1925.

In *Commonwealth v. Holmes*, 79 A.3d 562 (Pa. 2013), the Pennsylvania Supreme Court reaffirmed the general rule which was initially set forth in *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002), that "claims of ineffective assistance of counsel are to be deferred to PCRA review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal." *Holmes*, 79 A.3d at 576 (footnote omitted). The *Holmes* Court set forth two limited exceptions to this general rule: (1) in "an extraordinary case where the trial court, in the exercise of its discretion, determines that a claim (or claims) of ineffectiveness is *both meritorious and apparent from the record* so that immediate consideration and relief is warranted[;]"[4] or (2) when the defendant raises "multiple, and indeed comprehensive, ineffectiveness claims[,]" which the court, "in its discretion, and *for good cause shown*," determines post-verdict review is warranted, and the defendant *waives his right to PCRA review*. *Id*. at 577-78 (emphases added). Subsequently, our Supreme Court adopted a third exception,[5] which

_____

[4] Our Supreme Court has strongly linked the first exception to so-called "short sentence" cases where an appellant might be unable to avail him or herself of PCRA review prior to the expiration of the sentence. *See Commonwealth v. Burno*, 94 A.3d 956, 971 (Pa. 2014) (citation omitted).

[5] In *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021), the Supreme Court recently suggested an additional limited circumstance where an appellant may raise a claim of ineffective assistance of counsel outside of a PCRA petition. However, this exception only applies to petitioners in the PCRA
*(Footnote Continued Next Page)*

requires "trial courts to address claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review." **Commonwealth v. Delgros**, 183 A.3d 352, 361 (Pa. 2018).[6]

Thus, we must ascertain whether Watson meets either of the **Holmes** exceptions. In so doing, we reiterate while the trial court retains discretion to address ineffectiveness claims on post-sentence motions, "the presumption weighs heavily in favor of deferring such claims to collateral review." **Commonwealth v. Knox**, 165 A.3d 925, 928 (Pa. Super. 2017).

Here, we are perplexed by the failure of the trial court to address **Holmes** either prior to the evidentiary hearing or in its Rule 1925(a) opinion. **See** N.T., 6/20/23, at 3-4; Trial Court Opinion, 8/29/23, at 7-8.[7] Nevertheless, we proceed with the **Holmes** analysis. Regarding the first exception, which involves extraordinary cases with meritorious claims apparent from the record: while there do not appear to be any published opinions on the issue, this Court has held in an unpublished memoranda that a claim is not "apparent from the record" if the trial court needs to schedule

_____

stage of proceedings. **See id**. at 401. Because review of Watson's case is at the direct appeal stage, **Bradley** is not applicable.

[6] The **Delgros** exception does not apply in the instant matter.

[7] We are also puzzled by the failure of the Commonwealth to object to the proceedings, and by its appellate brief, in which it adopts the trial court's merits analysis without ever discussing the propriety of proceeding with ineffective assistance of counsel claims on post-sentence motions and direct appeal. **See** N.T., 6/20/23, at 3-4; Commonwealth's Brief at 1-2.

an evidentiary hearing to determine the merits of the claim. *See Commonwealth v. Alford*, 1052 WDA 2020, 2021 WL 2907814 (Pa. Super. 2021) (unpublished memorandum at 8-9) (discussing that a claim is not apparent from the record if an evidentiary hearing is required and citing other unpublished memoranda holding the same).[8] We find the reasoning in this case persuasive. Thus, we hold a claim is not "apparent from the record" where the trial court is required to schedule an evidentiary hearing to reach the merits of a defendant's ineffective assistance of counsel claims.

In his post-sentence motion, Watson failed to highlight any extraordinary circumstance which merited consideration of his ineffective assistance of counsel claims on direct appeal. *See* Amended Post-Sentence Motion, 5/18/22, at 1-2; *see also Holmes*, 79 A.3d at 577. As noted above, Watson is not serving a short sentence and we see nothing which demonstrates any extraordinary circumstance. *See Burno*, 94 A.3d at 971. Additionally, Watson's claims were not "apparent from the record." *See Holmes*, 79 A.3d at 577. Because Watson demonstrated neither extraordinary circumstances, nor that his claims were "apparent from the record," he has not met the first *Holmes* exception.

The second *Holmes* exception requires the trial court "in its discretion, and *for good cause shown*," to determine post-verdict review is warranted,

---

[8] *See* Pa.R.A.P. 126(b) (unpublished non-precedential memoranda decision of Superior Court filed after May 1, 2019, may be cited for persuasive value).

and that the defendant **waives his right to PCRA review**. **Holmes**, 79 A.3d at 577-78 (emphases added). This Court has explained:

> [I]n order for a defendant to raise counsel's ineffectiveness on direct appeal, he or she **must expressly, knowingly and voluntarily waive his or her right to PCRA review**. Thus, established waiver principles must be applied to waiver of PCRA review when a defendant wishes to expedite the review of ineffective assistance of counsel claims by way of a post-trial motion. Consequently, a defendant **must participate in an on-the-record colloquy**, which ensures the defendant is aware of the rights being waived, *i.e.*, the "essential ingredients" of PCRA review. This includes, but is not limited to, an explanation of (1) the eligibility requirements for PCRA relief; (2) the right to be represented by counsel for a first PCRA petition; (3) the types of issues that could be raised pursuant to the PCRA that are now being given up; and (4) the PCRA is the sole means of obtaining nearly all types of collateral relief. **See** 42 Pa.C.S.[A.] §§ 9542-9543; Pa.R.Crim.P. 904(C). The trial court must also ensure the defendant has made the decision to waive [her] right to PCRA review after consulting with counsel (if any) and in consideration of his rights as they have been explained in the colloquy.

**Commonwealth v. Baker**, 72 A.3d 652, 668 (Pa. Super. 2013) (footnote omitted).

Here, Watson has never argued he had good cause for raising his ineffective assistance of counsel claims in a post-sentence motion. **See** Amended Post-Sentence Motion, 5/18/22, at 1-2; N.T., 6/20/12, at 3-5; Watson's Brief at 12-27. Further, the trial court did not make such a finding. **See** N.T., 6/20/12, at 3-5. Most importantly, Watson did not make a knowing waiver of his right to PCRA review. It is evident from the record that Watson's purported waiver of his right to file any PCRA claims was not knowing and voluntary because it was based on new counsel's misinterpretation of the relevant case law. The "waiver" contained in the amended post-sentence

motion and the on-the-record colloquy cited above, are not waivers of the right to seek PCRA relief. Rather, and confusingly, new counsel advised Watson he was waiving his "right to raise issues of merit on direct appeal." Amended Post-Sentence Motion, 5/18/22, at 1-2. However, there is nothing in our jurisprudence which prohibits a criminal defendant from raising both direct challenges to his conviction and, so long as he meets the **Holmes** exceptions, claims of ineffective assistance of counsel in a post-sentence motion or on direct appeal. **See e**.**g**., **Commonwealth v. Murray**, 174 A.3d 1147, 1152-57 (Pa. Super. 2017) (addressing the merits of Murray's direct challenges to the judgment of sentence while deferring his claim of trial counsel's ineffectiveness to PCRA review); **Knox**, 165 A.3d at 927-31 (holding Knox's claim of ineffective assistance of counsel was not "ripe" for review on direct appeal but addressing the merits of his challenge to the discretionary aspects of sentence). Moreover, all parties in this matter seem to be under the misapprehension that a criminal defendant has a "choice" regarding when to raise claims of ineffective assistance of counsel. **See** N.T., 6/20/22, at 5. This is incorrect. Because Watson has neither demonstrated "good cause" nor made a knowing, intelligent, and voluntary waiver of his right to subsequent PCRA review, the second **Holmes** exception is inapplicable here.

Pennsylvania law has been clear since our Supreme Court decided **Grant** in 2002 that ineffective assistance of counsel claims **must be deferred to PCRA review**. The Court reaffirmed ten years ago in **Holmes** that the exceptions to this general rule are narrow and limited to a very specific set of

- 9 -

circumstances, none of which are present here. We therefore conclude Watson's claims of trial counsel's alleged ineffectiveness are not properly before us on this direct appeal. The trial court abused its discretion in concluding otherwise. We are constrained to dismiss this appeal without prejudice, allowing Watson to raise his claims of ineffective assistance of counsel in a timely PCRA petition.

Appeal dismissed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 01/29/2024