J-A11031-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ASIM D. ALI PATTON | : | |
| | : | |
| Appellant | : | No. 1166 MDA 2023 |

Appeal from the Judgment of Sentence Entered April 6, 2023
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0000414-2022

BEFORE: BOWES, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:         **FILED: MAY 31, 2024**

Asim D. Ali Patton (Appellant) appeals from the judgment of sentence imposed after a jury convicted him of persons not to possess firearms.[1] We affirm the judgment of sentence without prejudice for Appellant to seek further relief in a timely filed Post Conviction Relief Act[2] (PCRA) petition. ***See Commonwealth v. Holmes***, 79 A.3d 562 (Pa. 2013).

The trial court recounted the underlying facts and procedural history:

> [Appellant] was arrested on March 11, 2022[,] and charged with violating Section 6105(a)(1) of the Pennsylvania Crimes Code for being a prohibited person in possession of a firearm. The charge arose out of an incident that occurred on November 19, 2021[,] in the City of Williamsport, Lycoming County, Pennsylvania. On that date, [Appellant] and his girlfriend, Anika Monroe, went to the National Range and Armory shooting range

---

[1] ***See*** 18 Pa.C.S.A. § 6105(a)(1).

[2] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

on Washington Boulevard in Williamsport. Ms. Monroe had a pistol with her that she was licensed to carry, and both she and [Appellant] showed identification upon entering the shooting range.

[Appellant] claims that he entered the range with Ms. Monroe for the purpose of instructing her how to fire a pistol properly. [Appellant] further asserts that he did not use or attempt to use a firearm provided by the range, as his intention was not to fire a weapon himself. At trial, however, there was testimony from [Jeffrey Ranck,] the range master at the shooting range[,] that [Appellant] purchased 9mm ammunition for the pistol, which was a 9mm Taurus semi-automatic pistol. Although Ms. Monroe owned the pistol, video from the range that was viewed at trial established that [Appellant] handled the firearm, removed and inserted the pistol magazine, and loaded and fired the weapon multiple times.

On November 14, 2022, [Appellant] was tried before a jury …, at which time he was represented by the Lycoming County Public Defender. The Commonwealth proved that [Appellant] had two prior convictions that prohibit him from possessing a firearm[:] possession with intent to deliver a controlled substance[, *see* 35 P.S. § 780-113(a)(30),] and robbery, [*see* 18 Pa.C.S.A. § 3701(a)(1),] both of which occurred in 1997, when [Appellant] was eighteen years old. At trial, the only witness for [Appellant] was Anika Monroe, [Appellant] having declined to testify. …

….

At trial, the [c]ourt conducted a colloquy with [Appellant] concerning whether [Appellant] would testify. [Appellant] assured the [c]ourt that he, himself, made the decision *not* to testify, after being afforded adequate consultation with his attorney, and that he was not pressured or coerced or threatened to make his decision.

[On November 14, 2022, the jury convicted Appellant of the above-referenced offense.] On April 6, 2023, [Appellant] was sentenced to a term of incarceration of five to ten years, to be served in a state correctional institution. [Appellant] was permitted to remain out on bail pending filing of his post sentence motion.

Trial Court Opinion, 8/7/23, at 1-3 (footnotes omitted; emphasis in original).

On January 31, 2023, Peter Campana, Esquire, entered his appearance on behalf of Appellant. On February 7, 2023, the trial court granted the Lycoming County Public Defender's Office's request to withdraw its appearance. On April 11, 2023, Appellant filed a post-sentence motion. He argued the trial court should vacate his conviction, and dismiss the sole count in the criminal information as a *de minimis* infraction "for possessing a firearm momentarily[.]" Post-Sentence Motion (PSM), 4/11/23, at 4. Appellant further alleged his trial counsel was ineffective for advising him not to testify on his own behalf, and for not objecting to the trial court's jury instruction for persons not to possess firearms.[3] *Id.* at 8.

On May 23, 2023, the trial court held a hearing on Appellant's post-sentence motion. At the commencement of the proceeding, the trial court colloquied Appellant concerning his decision to pursue ineffectiveness claims on direct appeal, thereby waiving his right to file a subsequent PCRA petition. N.T., 5/23/23, at 4-6. The trial court denied Appellant's post-sentence motion on August 7, 2023. Appellant timely appealed. Both the trial court and Appellant complied with Pa.R.A.P. 1925.

---

[3] Specifically, Appellant argued the court failed to instruct the jury that the Commonwealth must "prove that [Appellant] acted recklessly with respect to the element of whether he was a prohibited person by consciously disregarding a substantial and unjustifiable risk that he was in that status." PSM, 4/11/23, at 8.

Appellant raises the following issues on appeal:

1. Whether the trial court abused its discretion in denying Appellant's motion to dismiss the charges pursuant to [18 Pa.C.S.A. § 312]?

2. Whether the trial court erred in denying Appellant's motion for a new trial on the basis that trial counsel's advice to him not to testify was unreasonable and[,] therefore, Appellant's waiver of his right to testify was not knowing, intelligent and voluntary?

3. Whether the [trial] court erred in finding that trial counsel was not ineffective in failing to object to the court's instruction on the charge of prohibited person possessing a firearm[,] in that the court failed to instruct the jury that there was a *mens rea* requirement with regard to Appellant's knowledge that he was prohibited from possessing a firearm as a result of previous criminal convictions?

Appellant's Brief at 5 (capitalization modified; quotation marks omitted).

Appellant first challenges the trial court's decision to deny his motion to dismiss his charge as a *de minimis* infraction.[4]  *Id.* at 9.  Appellant argues,

the prosecution … for possessing a firearm momentarily in a public firing range in order to instruct his significant other as to the proper means of firing a gun is inconsistent with the purpose of [18 Pa.C.S.A.] § 6105(a)(1); did not threaten the harm sought by the law defining the offense; and cannot reasonably [have] been regarded as envisaged by the General Assembly.

---

[4] Although not required to do so, Appellant preserved this issue by raising it in his post-sentence motion. **See Commonwealth v. Gemelli**, 474 A.2d 294, 300 (Pa. Super. 1984) ("[N]either the statute nor case law requires a defendant to preserve the issue of *de minimis* infractions by means of inclusion in an omnibus motion."); **see also Commonwealth v. Deible**, 300 A.3d 1025, 1033 (Pa. Super. 2023) ("Appellant was not required to preserve this issue prior to the [summary trial]." (citation omitted)).

*Id.* at 11. Appellant maintains "no harm to either an alleged victim or society occurred as a result of [his] conduct." *Id.*

"Our standard in reviewing this claim is whether the trial court committed an abuse of discretion." *Deible*, 300 A.3d at 1033.

> An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

*Commonwealth v. Toomer*, 159 A.3d 956, 959 (Pa. Super. 2017) (citation omitted). "It is the trial court's responsibility to determine *de minimis* infractions." *Deible*, 300 A.3d at 1033 (citation omitted).

Concerning *de minimis* infractions, the Crimes Code provides:

> **(a) General rule.--**The court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the conduct of the defendant:
>
> > (1) was within a customary license or tolerance, neither expressly negatived by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense;
> >
> > (2) did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or
> >
> > (3) presents such other extenuations that it cannot reasonably be regarded as envisaged by the General Assembly or other authority in forbidding the offense.

18 Pa.C.S.A. § 312(a).

"The purpose of Section 312 is 'to remove petty infractions from the reach of the criminal law.'" *In re M.M.*, 855 A.2d 112, 114 (Pa. Super. 2004) (quoting *Commonwealth v. Przybyla*, 722 A.2d 183, 184 (Pa. Super. 1998)). "An offense alleged to be *de minimis* in nature should not be dismissed where either harm to the victim or society in fact occurs." *Toomer*, 159 A.3d at 960 (citation omitted).

Here, the trial court addressed Appellant's first claim in its August 7, 2023, opinion and order denying Appellant's post-sentence motion:

> [T]he [c]ourt finds that [Appellant's] conduct was not "within a customary license or tolerance" of the statutory prohibition. To the contrary, [Appellant] directly and knowingly purchased 9mm ammunition for a firearm, took possession of the firearm, and then handled, loaded and fired the weapon multiple times at an indoor gun range. The purpose of the statutory section prohibiting persons convicted of certain crimes from possessing a firearm is "to protect the public from convicted criminals who possess firearms." [*Commonwealth v. Gillespie*, 821 A.2d 1221, 1224 (Pa. 2003).] In order to further this purpose, convicted criminals must be prohibited from possessing firearms. **This purpose is explicitly frustrated when convicted criminals possess firearms.** [Appellant's] possession of a firearm "actually cause[d] or threaten[ed] the harm or evil sought to be prevented by the law defining the offense" in a matter that was not "too trivial to warrant the condemnation of conviction."
>
> ….
>
> [R]egardless of how [Appellant] characterizes his time of possession of the firearm, he did have time to manipulate, load and fire the pistol. The [c]ourt finds that in the present matter[,] the duration of [Appellant's] possession or control of a firearm is not nearly as important as what [Appellant] did with the firearm while he possessed it. The [c]ourt finds that manipulating, loading and firing a weapon certainly is not a *de minimis* use of that weapon.

The purpose of Section 6105 would be frustrated were this [c]ourt to find that possession of a firearm by a convicted criminal under the present circumstances was *de minimis*. [Appellant's] conduct was not "within the customary license or tolerance of the provision"; [Appellant] did "actually cause or threaten the harm or evil sought to be prevented by the law[";] and no other extenuation exists indicating what [Appellant] did was not envisaged when the law was passed. Section 6105 is aimed squarely at prohibiting the conduct engaged in by [Appellant]— possession of a firearm by a convicted criminal. …

Trial Court Opinion, 8/7/23, at 4-6 (footnotes omitted, emphasis added).

The trial court's reasoning is sound, and comports with the record and foregoing legal authority. The trial court did not abuse its discretion in declining to vacate Appellant's conviction and dismiss his charge of persons not to possess firearms. **See Deible**, 300 A.3d at 1033. Like the trial court, we cannot conclude that the General Assembly intended courts to countenance the discharge of firearms by those statutorily proscribed from possessing firearms. **See Toomer**, 159 A.3d at 960 ("[T]he apparent purpose of the [Uniform Firearms] Act is to regulate the possession and distribution of firearms … [and to] prohibit certain persons from possessing a firearm within this Commonwealth." (citations omitted)). Accordingly, Appellant's first claim fails.

Appellant's remaining claims assert ineffective assistance of trial counsel. **See** Appellant's Brief at 11-21. Before we may consider Appellant's ineffectiveness claims, we must first determine whether he has satisfied an exception to the general prohibition against raising collateral issues on direct appeal. **See Holmes**, 79 A.3d at 563.

Generally, "claims of ineffective assistance of counsel are to be deferred to PCRA review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal." **Commonwealth v. Watson**, 310 A.3d 307, 310 (Pa. Super. 2024) (quoting **Holmes**, 79 A.3d at 576). "[W]hile the trial court retains discretion to address ineffectiveness claims on post-sentence motions, 'the presumption weighs heavily in favor of deferring such claims to collateral review.'" **Id.** at 311 (quoting **Commonwealth v. Knox**, 165 A.3d 925, 928 (Pa. Super. 2017)).

The **Watson** Court cogently summarized the exceptions to this general rule:

> The **Holmes** Court set forth two limited exceptions to this general rule: (1) in "an extraordinary case where the trial court, in the exercise of its discretion, determines that a claim (or claims) of ineffectiveness is **both meritorious and apparent from the record** so that immediate consideration and relief is warranted[;]"[FN1] or (2) when the defendant raises "multiple, and indeed comprehensive, ineffectiveness claims[,]" which the court, "in its discretion, and **for good cause shown**," determines post-verdict review is warranted, and the defendant **waives his right to PCRA review**. **Id.** at 577-78 (emphases added). Subsequently, our Supreme Court adopted a third exception,[FN2] which requires "trial courts to address claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review." **Commonwealth v. Delgros**, 646 Pa. 27, 183 A.3d 352, 361 (2018).

---

[FN1] Our Supreme Court has strongly linked the first exception to so-called "short sentence" cases[,] where an appellant might be unable to avail him or herself of PCRA review prior to the

expiration of the sentence. *See Commonwealth v. Burno*, [] 94 A.3d 956, 971 ([Pa. ]2014) (citation omitted).

FN2 In *Commonwealth v. Bradley*, [] 261 A.3d 381 ([Pa. ]2021), the Supreme Court suggested an additional limited circumstance where an appellant may raise a claim of ineffective assistance of counsel outside of a PCRA petition. However, this exception only applies to petitioners in the PCRA stage of proceedings. *See id.* at 401. Because review of Watson's case is at the direct appeal stage, *Bradley* is not applicable.

*Id.* at 311 (emphasis and footnotes in original (renumbered)).

The *Watson* Court disapproved of the trial court's failure to address *Holmes*, but nevertheless, *sua sponte*, undertook a *Holmes* analysis. *Id.* As a matter of first impression, the *Watson* Court held "a claim is not 'apparent from the record' where the trial court is required to schedule an evidentiary hearing to reach the merits of a defendant's ineffective assistance of counsel claims." *Id.* As the defendant's claims required an evidentiary hearing, and because he failed to identify any extraordinary circumstances in his post-sentence motion, the defendant did not meet the first *Holmes* exception. *Id.* at 312.

The *Watson* Court next addressed the second *Holmes* exception, identifying the necessary components of a valid waiver of a defendant's right to PCRA review:

[I]n order for a defendant to raise counsel's ineffectiveness on direct appeal, he or she **must expressly, knowingly and voluntarily waive his or her right to PCRA review**. Thus, established waiver principles must be applied to waiver of PCRA review when a defendant wishes to expedite the review of ineffective assistance of counsel claims by way of a post-trial motion. Consequently, a defendant **must participate in an on-**

*the-record colloquy*, which ensures the defendant is aware of the rights being waived, *i.e*., the "essential ingredients" of PCRA review. This includes, but is not limited to, an explanation of (1) the eligibility requirements for PCRA relief; (2) the right to be represented by counsel for a first PCRA petition; (3) the types of issues that could be raised pursuant to the PCRA that are now being given up; and (4) the PCRA is the sole means of obtaining nearly all types of collateral relief. *See* 42 Pa.C.S.[A.] §§ 9542-9543; Pa.R.Crim.P. 904(C). The trial court must also ensure the defendant has made the decision to waive [his] right to PCRA review after consulting with counsel (if any) and in consideration of his rights as they have been explained in the colloquy.

*Id.* (emphasis in original) (quoting **Commonwealth v. Baker**, 72 A.3d 652, 668 (Pa. Super. 2013)). The Court noted, "all parties in this matter seem to be under the misapprehension that a criminal defendant has a 'choice' regarding when to raise claims of ineffective assistance of counsel. This is incorrect." **Id.** at 313 (citation to the record omitted). Because 1) the trial court failed to conduct a comprehensive on-the-record colloquy of the defendant, and 2) the defendant failed to argue "he had good cause for raising his ineffective assistance of counsel claims in a post-sentence motion[,]" this Court held the defendant did not satisfy the second **Holmes** exception. **Id.** at 312-13.

Instantly, as in **Watson**, Appellant's post-sentence motion required an evidentiary hearing. **See generally** N.T., 5/23/23. On this basis alone,

Appellant does not satisfy the first **Holmes** exception.[5] **See Watson**, 310 A.3d at 311.

Further, Appellant has not demonstrated good cause for addressing his ineffectiveness claims on direct appeal. Appellant's post-sentence motion represented that the Commonwealth was not opposed to the trial court considering Appellant's ineffectiveness claims on direct appeal. PSM, 4/11/23, at 9. However, Appellant failed to address why these claims should be considered on direct appeal. Our review discloses Appellant does not fall into the category of "short sentence" defendants whose "realistic prospect" of availing themselves of collateral review under the PCRA is circumscribed. **Burno**, 94 A.3d at 971 (citation omitted). Accordingly, Appellant will have ample opportunity to litigate his ineffectiveness claims through the appropriate vehicle of a PCRA petition.

Our review additionally confirms Appellant did not validly waive his right to file a PCRA petition. The following exchange occurred at the May 23, 2023, hearing on Appellant's post-sentence motion:

> THE COURT: [Appellant], I want to review with you an important matter before we proceed with the post sentence motions. Obviously, Attorney [Tyler] Calkins from the Public Defender's Office represented you at trial. Mr. Campana is now representing you in the filing of your post sentence motions and on appeal. In the post sentence motions you have filed you are raising your trial attorney's ineffective assistance of counsel.

_____

[5] We further observe Appellant's post-sentence motion failed to assert any extraordinary circumstances that would merit consideration of his ineffective assistance of counsel claims on direct appeal. **See Watson**, 310 A.3d at 311.

[Appellant]: Yes.

THE COURT: Normally, ineffective assistance of counsel claims are not raised on your first or direct appeal. They are only raised in a PCRA petition after you have exhausted all of your appeals, okay?

[Appellant]: Okay.

THE COURT: In this case you're attempting to raise an ineffective assistance of counsel claim. In other words, attempting to raise that Mr. Calkins failed to do his job as your trial attorney for the first time on direct appeal. In order for you to do that you have to understand and waive your right to file a PCRA petition after you have exhausted your appeals. My question is, do you understand what I have explained to you[,] and have you discussed that with your attorney, Mr. Campana?

[Appellant]: Yes.

THE COURT: Are you willing to waive your right to file a PCRA petition after you have exhausted your appeal so that you can raise Attorney Calkin's ineffective assistance of counsel on direct appeal?

[Appellant]: Yes, sir.

N.T., 5/23/23, at 4-5.

Many of the "essential ingredients" of the rights Appellant relinquished under the PCRA are notably absent from the trial court's colloquy. *See Watson*, 310 A.3d at 312. The colloquy does not explain: 1) the PCRA's eligibility requirements for relief; 2) the right to counsel for a first PCRA petition; 3) the types of issues that a petitioner may raise under the PCRA; or 4) that the PCRA "is the sole means of obtaining nearly all types of collateral relief." *Id.*

Consequently, Appellant failed to meet the requirements for pursuing PCRA relief on direct appeal. *See id.* at 311. Appellant's ineffectiveness claims are not properly before this Court, and the trial court abused its discretion when it concluded otherwise. *See id.* at 313. For this reason, we affirm Appellant's judgment of sentence without prejudice for him to seek relief through a timely filed PCRA petition.

Judgment of sentence affirmed.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/31/2024