J-S25027-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID V. STEVENS | : | |
| | : | |
| Appellant | : | No. 3009 EDA 2023 |

Appeal from the Judgment of Sentence Entered October 30, 2023
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0004691-2021

BEFORE: DUBOW, J., McLAUGHLIN, J., and BECK, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED JANUARY 31, 2025**

David V. Stevens appeals from the judgment of sentence entered following his convictions for two counts of aggravated assault and two counts of simple assault.[1] The convictions stemmed from Stevens' altercation with two corrections officers, Corrections Officer Matthew Poplawski and Corrections Officer Dominic Pennypacker. Stevens argues the evidence was insufficient to sustain his conviction for aggravated assault of Officer Pennypacker. We affirm.

The testimony at trial established the following. Corrections Officers Pennypacker and Poplawski were performing cell inspections at Montgomery County Correctional Facility, where Stevens was an inmate. Trial Court Opinion, filed 1/2/24, at 2-3, 11. Officer Pennypacker stood by Stevens' cell

_____

[1] *See* 18 Pa.C.S.A. §§ 2702(a)(3) and 2701(a)(1), respectively.

door while Officer Poplawski checked it for forbidden items. *Id.* at 3, 11. When Officer Pennypacker asked Officer Poplawski to check Stevens' bed, Stevens suddenly punched Officer Poplawski twice in the face. *Id.* at 3, 6, 11.

Officer Pennypacker immediately tried to restrain Stevens. They both fell to the floor, with Officer Pennypacker on his back and Stevens on top of him. *Id.* at 3, 5-6, 12. Officer Poplawski placed his hand on Stevens' shoulder, and Stevens bit Officer Poplawski's finger nearly to the bone, causing it to gush blood, until Officer Pennypacker applied pressure to Stevens' neck. *Id.* at 4, 5, 68, 90. Stevens continued aggressively hitting and kicking "whoever he could, trying to resist restraint." *Id.* at 3-4, 6, 12. After several minutes, and with the help of six others, the officers were able to maneuver Stevens' arms behind his back. *Id.* at 3, 12. Portions of the incident were recorded by Officer Pennypacker's body camera and played for the jury. *Id.* at 5, 12.

After the altercation, Officer Pennypacker noticed he had injured his hand by striking it on a metal bedpost and had twisted his right knee while trying to take down Stevens. *Id.* at 4, 12. Officer Pennypacker obtained medical treatment, which determined that his hand was bruised to the bone. His knee injury prevented him from working for several months. *Id.* at 4-5, 12. Officer Poplawski sustained injuries to his head, finger, and knee. *Id.* at 6.

Stevens testified in his own defense. He said that he instinctively punched Officer Poplawski out of fear for his own safety. He claimed that he had not intended to injure either officer. *Id.* at 6-7, 12.

The jury found Stevens guilty of aggravated assault and simple assault of both officers. The court sentenced him to an aggregate of three to six years' imprisonment. This appeal followed.

Stevens raises the following issue:

> Was the evidence insufficient to sustain [Stevens'] conviction for Aggravated Assault (F2) at Count 1 (Complainant: Dominic Pennypacker) where the evidence failed to establish that the corrections officer's injuries were knowingly or intentionally inflicted, since the injuries were sustained inadvertently when the officer was attempting to restrain [Stevens] during his scuffle with the corrections officer's partner?

Stevens' Br. at 3.[2]

_____

[2] After the appeal was commenced, Stevens sent several *pro se* letters to this Court, raising issues related to the proceedings below and claims of trial and appellate counsel ineffectiveness. Six months after the parties submitted briefs, Stevens sent a letter to this Court requesting to proceed *pro se*. We remanded the case to the trial court to conduct a hearing pursuant to Pa.R.Crim.P. 121 and **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998). The trial court scheduled a hearing, but Stevens refused to be transported to Montgomery County. In so doing, he forfeited his request to represent himself. Moreover, once appointed counsel has filed an appellate brief, a request to go *pro se* on appeal is untimely. **Commonwealth v. Rogers**, 645 A.2d 223, 224 (Pa. 1994); **accord Commonwealth v. Cox**, 204 A.3d 371, 391 n.23 (Pa. 2019). We therefore deny Stevens' request to proceed *pro se*.

Furthermore, we cannot entertain any substantive issues Stevens has attempted to raise *pro se*, as *pro se* documents filed by an appellant represented by counsel are legal nullities. **Commonwealth v. Williams**, 151 A.3d 621, 623 (Pa.Super. 2016).

We also decline to consider any ineffectiveness claims at this juncture. Except under limited circumstances that are not present here, ineffectiveness claims must wait until collateral review. **Commonwealth v. Watson**, 310 A.3d 307, 310-11 (Pa.Super. 2024).

We review a sufficiency challenge *de novo*. **Commonwealth v. Hall**, 199 A.3d 954, 960 (Pa.Super. 2018).

> When reviewing a challenge to the sufficiency of the evidence, we must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail. This standard applies equally where the Commonwealth's evidence is circumstantial.

**Commonwealth v. Griffith**, 305 A.3d 573, 576 (Pa.Super. 2023) (quotation marks and citations omitted), *appeal denied*, No. 67 MAL 2024, 2024 WL 2745472 (Pa. May 29, 2024).

Stevens argues that the evidence was insufficient to establish that he intentionally or knowingly inflicted bodily injury on Officer Pennypacker. He asserts that Officer Pennypacker inadvertently struck his hand on the bed and twisted his knee while attempting to restrain Stevens. Stevens points out that Officer Pennypacker was behind him, taking him to the ground, when the officer's injuries occurred.

A person is guilty of aggravated assault, under the subsection at issue, if he "attempts to cause or intentionally or knowingly causes bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c), in the performance of duty." 18 Pa.C.S.A. § 2702(a)(3). Persons enumerated in subsection (c) include the "[o]fficer[s] or employee[s] of a correctional institution, county jail or prison[.]" **Id.** at § 2702(c)(9).

Attempt requires proof of specific intent. **See Commonwealth v. Sinkiewicz**, 293 A.3d 681, 688 (Pa.Super. 2023), *appeal denied*, 310 A.3d 720 (Pa. 2023). Specific intent exists regarding an element of a crime that "involves the nature of [the defendant's] conduct or a result thereof," where "it is [the defendant's] conscious object to engage in conduct of that nature or to cause such a result[.]" 18 Pa.C.S.A. § 302(b)(1)(i).

"A person acts knowingly with respect to a material element of an offense" that "involves a result of his conduct," where "he is aware that it is practically certain that his conduct will cause such a result." 18 Pa.C.S.A. § 302(b)(2)(ii).

Like any other element of a crime, the defendant's intent may be established by circumstantial evidence. **Griffith**, 305 A.3d at 576; **see Commonwealth v. Brown**, 23 A.3d 544, 560 (Pa.Super. 2011) (*en banc*) (stating a defendant's intent to inflict bodily injury may be shown by the circumstances). A defendant's violent resistance to an arrest is sufficient to prove the intent to cause injury to the arresting officers. **See Commonwealth v. Rahman**, 75 A.3d 497, 502 (Pa.Super. 2013) (finding evidence was sufficient to show defendant attempted to cause officer bodily injury where defendant shoved and punched officer who was arresting him); **Brown**, 23 A.3d at 560 (finding evidence sufficient to prove that the defendant intended to cause injury to arresting officers "by throwing [one officer] to the ground and then striking [the other officer] repeatedly by wildly flailing his arms as he resisted arrest").

Here, viewed in the light most favorable to the Commonwealth, the evidence establishes that Stevens punched Officer Poplawski in the face. When Officer Pennypacker attempted to restrain him, Stevens violently resisted by toppling Officer Pennypacker, biting Officer Poplawski, and hitting and kicking both officers for several minutes. The circumstances surrounding the incident — especially Stevens' violent response to the officers' actions — were sufficient to enable the jury to find beyond a reasonable doubt that Stevens had the specific intent to inflict bodily injury on Officer Pennypacker or intentionally or knowingly caused bodily injury to him. **See Rahman**, 75 A.3d at 502; **Brown**, 23 A.3d at 560.

Stevens likens his case to **Commonwealth v. Wertelet**, 696 A.2d 206 (Pa.Super. 1997), and **Commonwealth v. Smith**, 305 A.3d 1 (Pa.Super. 2023), *appeal granted*, No. 17 EAL 2024, 2024 WL 3506692 (Pa. July 23, 2024). He claims that in those cases, this Court found the evidence insufficient to establish that the defendant knowingly or intentionally inflicted injuries during the scuffle of an arrest.

Neither decision affords him relief. In **Wertelet**, we did not consider whether there was sufficient evidence of intent, but whether there was sufficient evidence of bodily injury. 696 A2d at 210-13. In **Smith**, we found the specific evidence there failed to make out a *prima facie* case for simple assault because it did not sufficiently show that the defendant, a police officer, intentionally injured the victim while trying to arrest him. 305 A.3d at 11. Here, in contrast, the evidence establishes that Stevens hit Officer Poplawski

in the face and then engaged in a ferocious struggle with both Officer Poplawski and Officer Pennypacker while trying to stop them from restraining him. That evidence was sufficient circumstantial evidence to prove the *mens rea*.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/31/2025