J-S48035-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TIMOTHY EUGENE SMITH | : | |
| | : | |
| Appellant | : | No. 2061 EDA 2024 |

Appeal from the Judgment of Sentence Entered April 26, 2022
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0002986-2019

BEFORE: STABILE, J., NICHOLS, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:             **FILED FEBRUARY 27, 2025**

Appellant, Timonthy Eugene Smith, appeals *nunc pro tunc* from the judgment of sentence of 3 to 7 years' incarceration, imposed after he entered a negotiated guilty plea to one count of criminal attempt to possess a controlled substance, 18 Pa.C.S. § 901(a).  On appeal, Appellant seeks to raise a claim of ineffective assistance of his trial counsel.  Additionally, Appellant's current attorney, Scott J. Werner, Jr., Esq., seeks to withdraw his representation of Appellant pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

The facts underlying Appellant's conviction are not germane to our disposition of his appeal.  We need only note that on April 26, 2022, Appellant pled guilty to the above-stated offense in exchange for the agreed-upon

sentence, credit for time served, and the withdrawal of all other charges pending against him. That same day, Appellant was sentenced to the term set forth *supra*. He did not timely appeal.

On June 24, 2022, Appellant filed a petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, seeking the reinstatement of his direct appeal rights. The court reinstated Appellant's right to file an appeal on February 23, 2023, and directed Appellant to file a notice of appeal within 30 days of that order. In that same order, however, the court permitted Appellant's PCRA counsel to withdraw, and no new counsel was appointed. Accordingly, no appeal was filed on Appellant's behalf.

On May 1, 2024, Appellant filed a *pro se* letter to the court, stating that he should have been appointed an attorney to represent him in his *nunc pro tunc* direct appeal. On July 30, 2024, the court appointed Attorney Werner and directed him to file a notice of appeal on Appellant's behalf within 30 days. Attorney Werner filed a notice of appeal on August 1, 2024.[1]

Attorney Werner thereafter filed a Pa.R.A.P. 1925(c)(4) statement of his intent to file a petition to withdraw and **Anders** brief with this Court.

_____

[1] We consider the trial court's failure to appoint Appellant counsel until July of 2024 as a breakdown in the operations of the court that excuses any issue with the timeliness of Appellant's instant appeal. **See Commonwealth v. Patterson**, 940 A.2d 493, 498 (Pa. Super. 2007) (recognizing this Court's power to grant relief in the case of fraud or breakdown in the processes of the court).

Accordingly, the trial court issued a Rule 1925(a) opinion simply noting counsel's intent to withdraw.

On October 28, 2024, Attorney Werner filed with this Court a petition to withdraw from representing Appellant. That same day, counsel also filed an *Anders* brief, stating that Appellant seeks to argue on appeal that his trial counsel "was ineffective for allegedly not communicating with him and failing to obtain alleged exculpatory evidence." *Anders* Brief at 12. Attorney Werner concludes that this issue is frivolous, and that Appellant has no other, non-frivolous claims he could pursue herein. Thus,

> this Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).
>
> Prior to withdrawing as counsel on a direct appeal under *Anders*, counsel must file a brief that meets the requirements established by our Supreme Court in *Santiago*. The brief must:
>
>> (1) provide a summary of the procedural history and facts, with citations to the record;
>>
>> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>>
>> (3) set forth counsel's conclusion that the appeal is frivolous; and
>>
>> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> *Santiago,* 978 A.2d at 361. Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention

- 3 -

in addition to the points raised by counsel in the ***Anders*** brief." ***Commonwealth v. Nischan***, 928 A.2d 349, 353 (Pa. Super. 2007)….

***Commonwealth v. Orellana***, 86 A.3d 877, 879-80 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of ***Anders*** and ***Santiago***, this Court must then "conduct a simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

In this case, Attorney Werner's ***Anders*** brief complies with the above-stated requirements. Namely, he includes a summary of the relevant factual and procedural history, he refers to portions of the record that could arguably support Appellant's ineffectiveness claim, and he sets forth his conclusion that Appellant's appeal is frivolous. He also explains his reasons for reaching that determination, and supports his rationale with citations to the record and pertinent legal authority. Attorney Werner also states in his petition to withdraw that he has supplied Appellant with a copy of his ***Anders*** brief. Additionally, he attached a letter directed to Appellant to his petition to withdraw, in which he informed Appellant of the rights enumerated in ***Nischan***. Accordingly, counsel has complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's issue is frivolous, and to ascertain if there are any other, non-frivolous claims he could pursue on appeal.

Initially, we recognize that,

[i]n **Commonwealth v. Holmes**, … 79 A.3d 562 ([Pa.] 2013), the Pennsylvania Supreme Court reaffirmed the general rule which was initially set forth in **Commonwealth v. Grant**, … 813 A.2d 726 ([Pa.] 2002), that "claims of ineffective assistance of counsel are to be deferred to PCRA review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal." **Holmes**, 79 A.3d at 576 (footnote omitted). The **Holmes** Court set forth two limited exceptions to this general rule: (1) in "an extraordinary case where the trial court, in the exercise of its discretion, determines that a claim (or claims) of ineffectiveness is **both meritorious and apparent from the record** so that immediate consideration and relief is warranted[;]" or (2) when the defendant raises "multiple, and indeed comprehensive, ineffectiveness claims[,]" which the court, "in its discretion, and **for good cause shown**," determines post-verdict review is warranted, and the defendant **waives his right to PCRA review**. **Id.** at 577-78 (emphases added). Subsequently, our Supreme Court adopted a third exception, which requires "trial courts to address claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review." **Commonwealth v. Delgros**, 183 A.3d 352, 361 ([Pa.] 2018).

**Commonwealth v. Watson**, 310 A.3d 307, 310–11 (Pa. Super. 2024) (footnotes omitted; emphasis added). In **Delgros**, the appellant was precluded from obtaining subsequent PCRA review because "he was sentenced only to pay a fine[,]" rather than serve a term of incarceration or probation. **Delgros**, 183 A.3d at 361. **See also** 42 Pa.C.S. § 9543(a)(1)(i) (directing that, to be eligible for relief, a petitioner must demonstrate that they are "currently serving a sentence of imprisonment, probation or parole for the crime" at the time relief is granted). The **Delgros** Court limited its holding to cases in which the defendant has raised the ineffective assistance of counsel claim(s) in a post-sentence motion. **Delgros**, 183 A.3d at 362-63.

Here, we agree with Attorney Werner that no exception applies to permit Appellant to raise his trial counsel ineffectiveness claims on direct appeal. Initially, Appellant's assertion of ineffectiveness is not meritorious and apparent from the record. As Attorney Werner observes:

> [T]he record clearly shows … Appellant entered into a knowing and voluntary plea and all the terms of which were reviewed with him by trial counsel. Also, the negotiated guilty plea occurred after trial counsel fully litigated pre-trial motions on … Appellant's behalf.
>
> ***
>
> Appellant entered into a negotiated guilty plea with the assistance of counsel, reviewed, signed and initialed each page of the written guilty plea colloquy (including the terms of the plea), and was colloquied by the trial judge in detail about his plea and whether it was a knowing and voluntary plea.

*Anders* Brief at 15-16.

After reviewing the record, we agree with Attorney Werner. The court completed a thorough colloquy of Appellant during the guilty plea proceeding. *See* N.T. Plea, 4/26/22, at 4-9. Notably, during that colloquy, Appellant was asked if he "had enough time to discuss this case with [his] attorney, … including the facts, the law[,] and any possible defense [he] might have[,]" to which Appellant responded, "Yes, sir." *Id.* at 6. He was also asked if he was "satisfied with the advice and legal representation that [his counsel had] provid[ed] to [him,]" and he responded, "Yes, sir." *Id.* At no point during the plea colloquy did Appellant express that his attorney had failed to communicate with him or that there was exculpatory evidence that counsel had failed to obtain. Accordingly, Appellant's claim that his trial counsel acted

- 6 -

ineffectively is not clear from the record or arguably meritorious. The first exception to the prohibition on raising ineffectiveness claims on direct appeal does not apply.

Moreover, Appellant does not raise multiple or comprehensive ineffectiveness claims, and he did not waive his right to PCRA review. Thus, the second exception that could allow him to raise his ineffectiveness claim on direct appeal also does not apply. Finally, we discern no reason why Appellant would be precluded from subsequent PCRA review and, even if he were, he did not raise his ineffectiveness claim in a post-sentence motion. Accordingly, the third exception created in **Delgros** is not satisfied.

Consequently, we agree with Attorney Werner that Appellant's ineffectiveness claim is frivolous to raise on direct appeal. Additionally, our independent review of the record reveals no other, non-frivolous claims that Appellant could assert herein. Therefore, we affirm his judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/27/2025