J-S15028-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| UNEK MAGWOOD | : | |
| | : | |
| Appellant | : | No. 723 WDA 2024 |

Appeal from the Judgment of Sentence Entered May 9, 2024
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0006570-2023

BEFORE:   OLSON, J., SULLIVAN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY SULLIVAN, J.:                    **FILED: OCTOBER 3, 2025**

Unek Magwood ("Magwood") appeals from the judgment of sentence entered after she pleaded guilty to attempted murder, aggravated assault, burglary, and possession of a weapon.[1]  Because Magwood's sole issue relates to plea counsel's ineffective assistance of counsel, which is not reviewable in this direct appeal, we affirm the judgment of sentence.

We briefly summarize the relevant procedural history of this appeal. Police arrested Magwood after responding to a report of a stabbing and charged her in a criminal complaint.  Magwood pleaded guilty to the above-mentioned charges, and, on May 9, 2024, the trial court sentenced her to an aggregate term of three years and ten months to seven years and twenty months of imprisonment.  Leslie A. Perlow, Esquire ("plea counsel")

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. §§ 901(a) & 2502, 2702(a)(1), 3502(a)(1)(i), 907(b).

represented Magwood at guilty plea and sentencing hearings. There is no indication Magwood filed a post-sentence motion. Magwood's new counsel, Anastasa S. Willams, Esquire ("present counsel") filed a timely appeal on June 10, 2024. *See* 1 Pa.C.S.A. § 1908. A publicly available docket sheet indicates the trial court ordered a Pa.R.A.P. 1925(b) statement but present counsel did not comply.[2]

On appeal, Magwood raises the following issue for review:

> Did . . . Magwood experience ineffective assistance of counsel, as counsel's performance was deficient and that deficiency resulted in prejudice to . . . Magwood, as . . . Magwood's [plea] counsel failed to disclose . . . Magwood's severe mental health diagnosis at the time of the guilty plea and failed to investigate the psychotic episode . . . Magwood experienced at the time of the incident?

---

[2] We are constrained to comment on the state of the record transmitted to this Court. We initially note that present counsel did not order a sentencing transcript despite alleging plea counsel's ineffectiveness could warrant a reduction in Magwood's sentence. Additionally, while the record contains a written guilty plea colloquy form, that form is blank. The record also does not contain an official docket sheet.

With respect to the trial court's order for a Rule 1925(b) statement, the publicly available docket indicates the trial court filed and served an order on present counsel, but the order is not in the record. We acknowledge the trial court subsequently filed an opinion that Magwood waived any issues on appeal by failing to comply with its order for a Rule 1925(b) statement. However, we decline to find Magwood's issue waived due to her counsel's failure to file a Rule 1925(b) statement. *See* Pa.R.A.P. 1925(c)(3); *Commonwealth v. Burton*, 973 A.2d 428, 432 (Pa. Super. 2009) (*en banc*). In light of our conclusion that the issue raised by Magwood in this direct appeal is not reviewable, we decline to remand this matter for the filing of a supplemental Rule 1925(b) statement and trial court opinion.

Magwood's Br. at 6.  Magwood asserts plea counsel's ineffectiveness entitles her to a new trial or a reduction of her sentence to electronic home monitoring. *See id*. at 16.

It is well settled that allegations of ineffective assistance of counsel ordinarily may not be raised on direct appeal.  *See Commonwealth v. Grant*, 813 A.2d 726, 738 (Pa. 2002).  Subject to limited exceptions, none of which apply here, the general rule is that claims of ineffective assistance of counsel are deferred for review in a proceeding under the Post Conviction Relief Act ("PCRA").[3]  *See Commonwealth v. Holmes*, 79 A.3d 562, 563 (Pa. 2013); *see also Commonwealth v. Kehr*, 180 A.3d 754, 760 (Pa. Super. 2018); *Commonwealth v. Blye*, 33 A.3d 9, 12 (Pa. Super. 2011).[4]  Thus, Magwood's

---

[3] *See* 42 Pa.C.S.A. §§ 9541-9546.

[4] As we explained in *Commonwealth v. Watson*, 310 A.3d 307 (Pa. Super. 2024), our Supreme Court has recognized three exceptions to the general rule in *Grant* that claims of the ineffective assistance of counsel should be deferred to a PCRA proceeding:

> The *Holmes* Court set forth two limited exceptions to this general rule: (1) in an extraordinary case where the trial court, in the exercise of its discretion, determines that a claim (or claims) of ineffectiveness is *both meritorious and apparent from the record* so that immediate consideration and relief is warranted; or (2) when the defendant raises multiple, and indeed comprehensive, ineffectiveness claims, which the court, in its discretion, and *for good cause shown*, determines post-verdict review is warranted, and the *defendant waives h[er] right to PCRA review*.  Subsequently, our Supreme Court adopted a third exception, which requires trial courts to address claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review.

*(Footnote Continued Next Page)*

ineffective assistance of counsel claim is unreviewable in this direct appeal. *See Watson*, 310 A.3d at 313. Accordingly, we will not address Magwood's ineffective assistance of counsel claim and defer them without prejudice to Magwood's right to raise it in a timely PCRA petition. *See id*. As there are no other issues raised in this appeal, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 10/03/2025

---

*Commonwealth v. Delgros*, . . . 183 A.3d 352, 361 ([Pa.] 2018).

*Watson*, 310 A.3d at 310–11 (emphases in original, some internal citations, quotation marks, brackets and footnotes omitted). Here, Magwood's claim of the ineffective assistance of plea counsel is not apparent from the record, she does not allege good cause or waive her right to PCRA relief, and she is not statutorily precluded from seeking PCRA relief.

- 4 -