J-S14036-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                  :              PENNSYLVANIA
                                  :
             v.                      :
                                  :
KEITH WARREN                  :
                                  :
            Appellant       :    No. 1838 EDA 2024

Appeal from the Judgment of Sentence Entered January 9, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001168-2022

BEFORE: DUBOW, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:           **FILED MAY 28, 2025**

Appellant, Keith Warren, appeals *pro se* from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County after the trial court, sitting as finder of fact in Appellant's non-jury trial, found him guilty of attempted murder and all other charged offenses, described *infra*. After careful consideration, we affirm.

The trial court sets forth the relevant facts:

> At approximately 5:26 a.m. in the morning of July 22, 2021, Mr. Warren [hereinafter "Appellant"] exited his house at 2708 W. Lehigh Avenue in Philadelphia, Pennsylvania. Ex. C-11 (compilation video), at 5:26:35-44 a.m.; ***see also*** Ex. C-12, at 17:56:282-58:162 (Appellant acknowledging he lived at address). He walked three blocks to an abandoned house at 2629 W. Silver Street in Philadelphia, Pennsylvania. ***See*** Ex. C-11. The abandoned house was used as a temporary residence by Mr. Byron Jones. N.T., 04/25/2023, at 27-31. Appellant knocked on

---

[*] Former Justice specially assigned to the Superior Court.

the door and identified himself to Mr. Jones. *Id.* at 32. The men had a friendship and knew each other for several years. *Id.* at 83; *see also* Ex. C-12, at 18:03537-05:107, 18:19:452-572 (Appellant acknowledging that he knows Mr. Jones).

Once inside, Appellant asked, "[W]here that stash at? N.T., 04/25/2023, at 33. Appellant then shot Mr. Jones multiple times in the torso. *Id.* at 33-34, 36-37. Mr. Jones tried to escape up the stairs. *Id.* at 37. As Mr. Jones got to the top of the steps, Appellant said, "Give me money. Give me the money, and give me the money now, along with the stash." *Id.* at 38. Mr. Jones immediately gave Appellant the cash that he had in his pocket. *Id*. Appellant then went into a bedroom and took marijuana which was stored in a black bag. *Id*.

While Mr. Jones was sprawled out on the stairs, Appellant shot him several more times, emptying his clip. *Id.* at 39, 44; *see also* C-13i (recovered fired cartridge casings on second floor). Appellant reloaded the gun but did not fire it again. *Id.* at 45. Mr. Jones was playing dead. *Id*. at 45. Appellant was laughing at Mr. Jones. *Id.* Appellant kicked Mr. Jones in the leg. *Id.* at 47. Appellant went downstairs. *Id.* at 45. He turned off the lights, locked the door, closed it behind him, and walked home. *Id.* at 47; *see also* C-11.

Video cameras along Appellant's return route home that morning place him about ½ block from 2629 W. Silver Street at 5:55 a.m. Ex. C-11, at 5:55:41-52 a.m.; *see also* Ex. C-5b (still photo from 07/22/2021 video at 5:55 a.m.); N.T. 04/25/2023, at 118 (Appellant's statement to police acknowledging he is person in still photo). Appellant was walking in the direction of his house. *See* Ex. C-11. He was carrying a black plastic bag in his left hand. Ex. C-5b (still photo from 07/22/2021 video at 5:55 a.m.).

Although wounded from multiple gunshots, Mr. Jones managed to stumble outside and reach a neighbor's house. N.T., 04/25/2023, at 47. The neighbor called 911 at exactly 6 a.m. Ex. C-1 (time-stamped 911 call). Police Officer Meenah arrived on scene and assisted medics in placing Mr. Jones on a gurney. N.T. 04/25/2023, at 88-89. Mr. Jones was bleeding heavily and was incapable of verbalizing answers to questions. *Id.* at 90.

At the hospital, Mr. Jones was hypertensive and needed to be resuscitated and intubated. *Id.* at 149. He presented to the

emergency room with ten gunshot wounds—one to the arm and the remainder to the torso. Ex. C-22 (medical records). Mr. Jones underwent surgery wherein the surgeons sutured his liver, [resected] his small bowel, performed a hemicolectomy, and [resected] a gastric wedge to repair the injury to his stomach. *Id*. Mr. Jones remained in the hospital for approximately three weeks. Ex. C-22; *see also Id.* at 50-52, 149-151. As the result of the injuries Mr. Jones sustained from the shooting, . . . he still wore a colostomy bag two years later at the time of the trial. *Id.* at 51.

Five days after his admission to the hospital, Mr. Jones identified Appellant as his assailant from a photo array. Ex. C-6. At the time of these events, Appellant was a person prohibited from possessing a firearm due to a previous robbery conviction. N.T. 04/25/2023, at 146 (prior conviction stipulation); *see also* Ex. C-23 (certified criminal docket).

Trial Court Opinion, 10/03/2024, at 1-3.

The Commonwealth charged Appellant with attempted murder, 18 Pa.C.S. § 2502,[1] aggravated assault, 18 Pa.C.S. § 2702(a)(1), robbery-inflicting serious bodily injury, 18 Pa.C.S.§ 3701(a)(1)(i), simple assault, 18 Pa.C.S. § 2701(a), recklessly endangering another person, 18 Pa.C.S. § 2705, and violation of the Pennsylvania Uniform Firearms Act, §§ 6105, 6108. On April 28, 2023, after a two-day, non-jury trial in which Appellant was represented by counsel, Appellant was found guilty on all charges.[2]

A sentencing hearing originally scheduled for August of 2023, was continued several times to accommodate Appellant's filings to the

_____

[1] The attempted murder charge included a serious bodily injury enhancement pursuant to 18 Pa.C.S. § 1102(c).

[2] Because the trial court made no determination on whether the attempted murder caused serious bodily injury, it did not consider the corresponding increased maximum penalty.

- 3 -

Pennsylvania Supreme Court alleging ineffective assistance of defense counsel. The trial court eventually granted defense counsel's petition to withdraw and appointed new defense counsel, who represented Appellant at his January 9, 2024, sentencing hearing. At sentencing, the trial court imposed sentence after applying the sentencing guidelines in effect at the time Appellant committed the offenses at bar.

Defense counsel filed a timely post-sentence motion seeking arrest of judgment or, in the alternative, a new trial, but Appellant submitted a *pro se* amendment to his counseled post-trial motion and a subsequent motion to remove and replace his second court-appointed counsel with privately retained counsel. On May 7, 2024, the trial court entered an order granted Appellant's motion and extended the deadline for post-sentence motion submissions to June 17, 2024.

Appellant appeared at the June 17, 2024, hearing without counsel and informed the trial court that his preference was to self-represent. Accordingly, the trial court conducted a colloquy pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1988) (requiring trial court to make determination that defendant's waiver of right to counsel is knowing, intelligent and voluntary), and, afterward, permitted Appellant to proceed with the post-sentence hearing *pro se*. At the conclusion of the hearing, the trial court denied the post-sentence motion.

On July 1, 2024, Appellant filed a timely *pro se* notice of appeal. The trial court ordered Appellant to file a concise statement of matters complained

of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied, filing his concise statement on July 31, 2024. It raised sundry claims of ineffective assistance of trial counsel, challenged the "[s]ufficiency of the evidence where the evidence did not support the finding of a conviction[,]" claimed an "[a]buse of sentencing where [the trial court] sentenced Appellant using the current guideline[s] where Appellant should have been sentenced using the 1988 guidelines when this is when his last conviction occurred," and asserted "[v]iolations of [his] Pennsylvania and United States Constitutional rights under Article I, Section 9 and the Sixth, Eighth, and Fourth Amendments." Appellant's *pro se* "Concise Statement of Matters Complained of on Appeal Pursuant to [Pa.]R.A.P. 1925(b)."

The trial court's responsive Pa.R.A.P. 1925(a) opinion addressed Appellant's concise statement. First, the trial court summarily dismissed Appellant's discrete claims of ineffective assistance of counsel as prematurely raised on direct appeal, citing decisional law reaffirming the general rule set forth initially in **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002), that "claims of ineffective assistance of counsel are to be deferred to [Post Conviction Relief Act ('PCRA'), 42 Pa.C.S. §§ 9541-9546] review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal[]" unless one of three limited exceptions to the general rule is met, which is not the case here. **See Commonwealth v. Holmes**, 79 A.3d 562, 576 (Pa. 2013) (footnote

omitted); *see also Commonwealth v. Watson*, 310 A.3d 307, 310 (Pa. Super. 2024) (reiterating the holding in *Holmes*).[3]

Second, the trial court deemed unreviewable Appellant's sufficiency of the evidence issue because it was stated non-specifically and in boilerplate fashion despite a record in which Appellant had been charged with and convicted of multiple offenses comprising many elements. In the alternative, the trial court predicted that Appellant would challenge the sufficiency of evidence admitted at trial to identify him as the assailant and to prove Mr. Jones sustained serious bodily injury. On the assumed issue on identity, the trial court summarily found sufficient evidence included a photo array identification made by the victim while a hospital patient and an in-court identification, and on the assumed issue on the element of serious bodily injury necessary to prove robbery, it summarily found sufficient evidence included the multiple bullet wounds the victim sustained to vital parts of his body that placed him in critical condition requiring drastic surgeries to sustain life and a two-year recovery. *See* Trial Court Opinion, 10/3/2024, at 10-11.

_____

[3] There are limited exceptions to this rule: (1) in the extraordinary case where the trial court determines that the ineffectiveness claim is both meritorious and apparent from the record; or (2) where good cause is shown for post-verdict review of ineffectiveness claims and the defendant has waived his right to file a petition under the PCRA. *Watson*, 310 A.3d at 310. A third exception, which requires trial courts to address ineffectiveness claims where the defendant is statutorily precluded from obtaining PCRA review, also may permit ineffectiveness review in a direct appeal. *Id*. Here, the trial court appropriately determined that no exception applied.

Third, the trial court rejected Appellant's contention that the trial court relied on the wrong edition of Pennsylvania's Sentencing Guidelines in imposing Appellant's sentence. To this argument, the trial court responded that it appropriately used the sentencing guidelines in effect at the time of the offense to assign a prior record score to his 1984 conviction for the purpose of setting his present sentence.

Finally, the trial court found the concise statement's vague challenge asserting "Violations of Petitioner's Pennsylvania and United States Constitutional rights under Article I, Section 9 and the Sixth, Eighth, and Fourth Amendments" were unreviewable because he specified neither the nature of the constitutional challenges nor what court proceedings or decisions gave rise to such violations.

Appellant's *pro se* brief presents for our consideration issues implicating the sufficiency of the evidence, the trial court's exercise of sentencing discretion in calculating the prior record score, whether the issuance of a search warrant based on a probable cause affidavit containing alleged inaccuracies violated his state and federal constitutional rights, and whether counsel rendered ineffective assistance in failing to challenge the warrant. **See** Brief of Appellant, at 4-5. We address each issue in turn.

In Appellant's first enumerated issue, Appellant asserts that the evidence was insufficient to sustain his convictions. The trial court opines that Appellant waived this issue by filing a generic, boilerplate statement of this issue in his Rule 1925(b) concise statement. We agree with the trial court

that the lack of specificity in Appellant's Rule 1925(b) statement requires waiver of this claim.

It is well settled that "[i]n order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." **Commonwealth v. Gibbs**, 981 A.2d 274, 281 (Pa. Super. 2009); **accord Commonwealth v. Garland**, 63 A.3d 339, 344 (Pa. Super. 2013). "Such specificity is of particular importance in cases where ... the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." **Gibbs**, **supra** (citation omitted).

Specificity prevents the trial court from having to "act as counsel for Appellant and try to anticipate, guess or predict what Appellant wanted to appeal." **Commonwealth v. Lemon**, 804 A.2d 34, 39 (Pa. Super. 2002). When an appellant fails to identify in his Rule 1925(b) statement the specific elements of the specific crimes he is challenging, his claim is waived. **Gibbs**, 981 A.2d at 281; **Commonwealth v. Bonnett**, 239 A.3d 1096, 1106-07 (Pa. Super. 2020) (finding waiver due to blanket statement in Rule 1925(b) statement that there was "insufficient evidence to sustain a verdict of guilty of each charge in the case"); **Garland**, 63 A.3d at 344 (sufficiency claim waived where appellant's Rule 1925(b) statement "simply provided a generic statement stating '[t]he evidence was legally insufficient to support the convictions'"). **See also Commonwealth v. Cooper**, 328 A.3d 527 (non-

precedential decision) (Pa. Super. filed Sept. 25, 2024) at *4, ***appeal denied***, No. 375 EAL 2024, 2025 WL 1022619 (Pa. Apr. 7, 2025).

Appellant was convicted on all six separate criminal offenses with which he was charged. Yet, he filed a generic and conclusory concise statement challenging, "Sufficiency of evidence where the evidence did not support the finding of a conviction[,]" that required the trial court to guess at which offenses and elements he sought to challenge.[4] Under our jurisprudence requiring specificity in a Rule 1925(b) statement, we deem his conclusory concise statement deficient as a matter of law to preserve his challenge for appellate review. Accordingly, he has waived his issue contesting the sufficiency of the evidence.

In Appellant's second enumerated issue, he contends the trial court abused its sentencing discretion when it calculated his prior record score by using the sentencing quidelines[5] in effect at the time he committed his present offenses instead of using the 1988 guidelines that were in effect at the time he committed the prior, 1988 offense. The result, he argues, produced an incorrect prior record score at sentencing. We disagree.

_____

[4] Indeed, despite the trial court's best efforts, its Rule 1925(a) opinion did not correctly guess the various sufficiency challenges Appellant raised in his brief.

[5] To sentence Appellant, the trial court sentenced Appellant pursuant to Amendment 6 of the 7th Edition Sentencing Guidelines, which took effect on January 1, 2021, several months before Appellant committed the crimes in question. ***See*** 204 Pa. Code § 303.1(c)(2) 7th Ed., amend 6 (January 1, 2021).

A challenge to the calculation of the prior record score implicates the discretionary aspects of sentencing and thus must be preserved at sentencing or in a post-sentence motion. **Commonwealth v. Sunealitis,** 153 A.3d 414, 421 (Pa. Super. 2016) (a claim that sentencing guidelines were miscalculated is a challenge to the discretionary aspects of a sentence); **Commonwealth v. Archer**, 722 A.2d 203, 211 (Pa. Super. 1998) (*en banc*) (same); **see also Sheets**, 2023 PA Super 154, at *13 (failure to preserve a discretionary sentencing issue results in waiver). **Commonwealth v. Autrey**, 307 A.3d 660 (Pa. Super. 2023) (*citing* **Commonwealth v. Clary**, 226 A.3d at 579 (challenge to sentence must be stated must provide trial court opportunity to correct its sentence).[6]

Initially, we deem this sentencing issue waived. Because Appellant raised no objection to this aspect of the sentence in either his sentencing hearing, his counseled post-sentence motion, his subsequent *pro se* post-sentence motion entertained by the trial court, or at the hearing that followed his *pro se* motion—all instances when the trial court retained jurisdiction to act on the present request—this issue is waived for the purposes of appeal. **See** Pa.R.Crim.P. 720 (issues must be properly presented at sentencing or in a motion to reconsider and modify sentence to preserve it for appeal).

---

[6] The trial court's unfamiliarity with this issue is reflected in the opinion's cautious characterization of it as one that "appears" to present an argument "presumably" for purposes of determining prior record score. **See** Rule 1925(a) Opinion, 10/3/24, at 12.

Even if we were to review Appellant's briefed discretionary aspects of sentencing claim on its merits,[7] we would discern no merit to it. In making an argument to support the claim, Appellant appears to misconstrue the guidelines' passage stating, "the sentencing guidelines shall apply to all offenses committed on or after the effective date of the guidelines. Amendments to the guidelines shall apply to all offenses committed on or after the date the amendment becomes part of the guidelines." Brief of Appellant at 19 (quoting 204 PA ADC § 303a.2(a)(3) "Guideline sentencing standards. (a) *General provisions*").

Section 303a.2(a)(3) expresses guideline standards applicable to sentencing defendants on their present convictions. It does not, as Appellant

---

[7] A discretionary aspects of sentence claim is not appealable as of right; the appellant must invoke this Court's jurisdiction by satisfying a four-part test. This Court must determine:

> (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly presented at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's claim has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (internal citations and brackets omitted).

Appellant has failed to present his challenge to the discretionary aspects of his sentence in a separate concise statement pursuant to the dictates of Pa.R.A.P. 2119(f). Because, however, the Commonwealth has not objected to Appellant's noncompliance with the rules of criminal procedure, we decline to find waiver on this basis.

seems to argue, direct that prior record scores shall be calculated using guidelines that were in effect at the time the prior offenses were committed. As the trial court applied matrices of the sentencing guidelines in effect when Appellant committed the offenses presently at issue, we find Appellant's challenge to court's exercise of sentencing discretion warrants no relief.

Appellant's third and final enumerated issue presents two related but distinct claims.[8]  In one, he requests a remand to the trial court to rectify what he argues was prior counsel's failure to challenge the constitutionality of the search and arrest warrants issued against him  **See** Brief of Appellant at 21. As discussed *supra*, while there are specific circumstances under which ineffectiveness claims may be addressed on direct appeal, **Holmes**, 79 A.3d at 577-78, none is apparent in the present record.  Therefore, we do not address Appellant's ineffectiveness claim, as it must be deferred to collateral review.  **See Holmes**, **supra**; **Watson**, **supra**.

The other claim presented in Appellant's third issue offers a discrete challenge to the underlying search warrant itself, namely, that the search warrant served upon him was insufficiently supported by an inaccurate probable cause affidavit.  We observe, however, that Appellant failed to raise

---

[8] Our Supreme Court has declared that claims of ineffectiveness of counsel are generally distinct issues from the underlying claims upon which they are based. **See Commonwealth v. Collins**, 888 A.2d 564, 574-75 (Pa. 2005) (holding, *inter alia*, that claims that trial counsel was ineffective in failing to forward certain arguments in support of a motion to sever and a hearsay objection were not previously litigated although the underlying severance and hearsay issues were litigated on direct appeal).

this issue first with the trial court. It is axiomatic that "issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Therefore, we may not address this claim on the merits.

Judgment of sentence is Affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/28/2025

J-S14036-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :         PENNSYLVANIA
  :
      v.       :
  :
  :
KEITH WARREN   :
  :
      Appellant   :   No. 1838 EDA 2024

Appeal from the Judgment of Sentence Entered January 9, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001168-2022

BEFORE:   DUBOW, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:       **FILED MAY 28, 2025**

Appellant, Keith Warren, appeals *pro se* from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County after the trial court, sitting as finder of fact in Appellant's non-jury trial, found him guilty of attempted murder and all other charged offenses, described *infra*. After careful consideration, we affirm.

The trial court sets forth the relevant facts:

> At approximately 5:26 a.m. in the morning of July 22, 2021, Mr. Warren [hereinafter "Appellant"] exited his house at 2708 W. Lehigh Avenue in Philadelphia, Pennsylvania. Ex. C-11 (compilation video), at 5:26:35-44 a.m.; ***see also*** Ex. C-12, at 17:56:282-58:162 (Appellant acknowledging he lived at address). He walked three blocks to an abandoned house at 2629 W. Silver Street in Philadelphia, Pennsylvania. ***See*** Ex. C-11. The abandoned house was used as a temporary residence by Mr. Byron Jones. N.T., 04/25/2023, at 27-31. Appellant knocked on

_____

[*] Former Justice specially assigned to the Superior Court.

the door and identified himself to Mr. Jones. *Id.* at 32. The men had a friendship and knew each other for several years. *Id.* at 83; *see also* Ex. C-12, at 18:03537-05:107, 18:19:452-572 (Appellant acknowledging that he knows Mr. Jones).

Once inside, Appellant asked, "[W]here that stash at? N.T., 04/25/2023, at 33. Appellant then shot Mr. Jones multiple times in the torso. *Id.* at 33-34, 36-37. Mr. Jones tried to escape up the stairs. *Id.* at 37. As Mr. Jones got to the top of the steps, Appellant said, "Give me money. Give me the money, and give me the money now, along with the stash." *Id.* at 38. Mr. Jones immediately gave Appellant the cash that he had in his pocket. *Id*. Appellant then went into a bedroom and took marijuana which was stored in a black bag. *Id*.

While Mr. Jones was sprawled out on the stairs, Appellant shot him several more times, emptying his clip. *Id.* at 39, 44; *see also* C-13i (recovered fired cartridge casings on second floor). Appellant reloaded the gun but did not fire it again. *Id.* at 45. Mr. Jones was playing dead. *Id*. at 45. Appellant was laughing at Mr. Jones. *Id.* Appellant kicked Mr. Jones in the leg. *Id.* at 47. Appellant went downstairs. *Id.* at 45. He turned off the lights, locked the door, closed it behind him, and walked home. *Id.* at 47; *see also* C-11.

Video cameras along Appellant's return route home that morning place him about ½ block from 2629 W. Silver Street at 5:55 a.m. Ex. C-11, at 5:55:41-52 a.m.; *see also* Ex. C-5b (still photo from 07/22/2021 video at 5:55 a.m.); N.T. 04/25/2023, at 118 (Appellant's statement to police acknowledging he is person in still photo). Appellant was walking in the direction of his house. *See* Ex. C-11. He was carrying a black plastic bag in his left hand. Ex. C-5b (still photo from 07/22/2021 video at 5:55 a.m.).

Although wounded from multiple gunshots, Mr. Jones managed to stumble outside and reach a neighbor's house. N.T., 04/25/2023, at 47. The neighbor called 911 at exactly 6 a.m. Ex. C-1 (time-stamped 911 call). Police Officer Meenah arrived on scene and assisted medics in placing Mr. Jones on a gurney. N.T. 04/25/2023, at 88-89. Mr. Jones was bleeding heavily and was incapable of verbalizing answers to questions. *Id.* at 90.

At the hospital, Mr. Jones was hypertensive and needed to be resuscitated and intubated. *Id.* at 149. He presented to the

emergency room with ten gunshot wounds—one to the arm and the remainder to the torso. Ex. C-22 (medical records). Mr. Jones underwent surgery wherein the surgeons sutured his liver, [resected] his small bowel, performed a hemicolectomy, and [resected] a gastric wedge to repair the injury to his stomach. ***Id***. Mr. Jones remained in the hospital for approximately three weeks. Ex. C-22; ***see also Id.*** at 50-52, 149-151. As the result of the injuries Mr. Jones sustained from the shooting, . . . he still wore a colostomy bag two years later at the time of the trial. ***Id.*** at 51.

Five days after his admission to the hospital, Mr. Jones identified Appellant as his assailant from a photo array. Ex. C-6. At the time of these events, Appellant was a person prohibited from possessing a firearm due to a previous robbery conviction. N.T. 04/25/2023, at 146 (prior conviction stipulation); *see also* Ex. C-23 (certified criminal docket).

Trial Court Opinion, 10/03/2024, at 1-3.

The Commonwealth charged Appellant with attempted murder, 18 Pa.C.S. § 2502,[1] aggravated assault, 18 Pa.C.S. § 2702(a)(1), robbery-inflicting serious bodily injury, 18 Pa.C.S.§ 3701(a)(1)(i), simple assault, 18 Pa.C.S. § 2701(a), recklessly endangering another person, 18 Pa.C.S. § 2705, and violation of the Pennsylvania Uniform Firearms Act, §§ 6105, 6108. On April 28, 2023, after a two-day, non-jury trial in which Appellant was represented by counsel, Appellant was found guilty on all charges.[2]

A sentencing hearing originally scheduled for August of 2023, was continued several times to accommodate Appellant's filings to the

---

[1] The attempted murder charge included a serious bodily injury enhancement pursuant to 18 Pa.C.S. § 1102(c).

[2] Because the trial court made no determination on whether the attempted murder caused serious bodily injury, it did not consider the corresponding increased maximum penalty.

Pennsylvania Supreme Court alleging ineffective assistance of defense counsel. The trial court eventually granted defense counsel's petition to withdraw and appointed new defense counsel, who represented Appellant at his January 9, 2024, sentencing hearing. At sentencing, the trial court imposed sentence after applying the sentencing guidelines in effect at the time Appellant committed the offenses at bar.

Defense counsel filed a timely post-sentence motion seeking arrest of judgment or, in the alternative, a new trial, but Appellant submitted a *pro se* amendment to his counseled post-trial motion and a subsequent motion to remove and replace his second court-appointed counsel with privately retained counsel. On May 7, 2024, the trial court entered an order granted Appellant's motion and extended the deadline for post-sentence motion submissions to June 17, 2024.

Appellant appeared at the June 17, 2024, hearing without counsel and informed the trial court that his preference was to self-represent. Accordingly, the trial court conducted a colloquy pursuant to ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1988) (requiring trial court to make determination that defendant's waiver of right to counsel is knowing, intelligent and voluntary), and, afterward, permitted Appellant to proceed with the post-sentence hearing *pro se*. At the conclusion of the hearing, the trial court denied the post-sentence motion.

On July 1, 2024, Appellant filed a timely *pro se* notice of appeal. The trial court ordered Appellant to file a concise statement of matters complained

of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied, filing his concise statement on July 31, 2024. It raised sundry claims of ineffective assistance of trial counsel, challenged the "[s]ufficiency of the evidence where the evidence did not support the finding of a conviction[,]" claimed an "[a]buse of sentencing where [the trial court] sentenced Appellant using the current guideline[s] where Appellant should have been sentenced using the 1988 guidelines when this is when his last conviction occurred," and asserted "[v]iolations of [his] Pennsylvania and United States Constitutional rights under Article I, Section 9 and the Sixth, Eighth, and Fourth Amendments." Appellant's *pro se* "Concise Statement of Matters Complained of on Appeal Pursuant to [Pa.]R.A.P. 1925(b)."

The trial court's responsive Pa.R.A.P. 1925(a) opinion addressed Appellant's concise statement. First, the trial court summarily dismissed Appellant's discrete claims of ineffective assistance of counsel as prematurely raised on direct appeal, citing decisional law reaffirming the general rule set forth initially in **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002), that "claims of ineffective assistance of counsel are to be deferred to [Post Conviction Relief Act ('PCRA'), 42 Pa.C.S. §§ 9541-9546] review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal[]" unless one of three limited exceptions to the general rule is met, which is not the case here. **See Commonwealth v. Holmes**, 79 A.3d 562, 576 (Pa. 2013) (footnote

omitted); *see also Commonwealth v. Watson*, 310 A.3d 307, 310 (Pa. Super. 2024) (reiterating the holding in *Holmes*).[3]

Second, the trial court deemed unreviewable Appellant's sufficiency of the evidence issue because it was stated non-specifically and in boilerplate fashion despite a record in which Appellant had been charged with and convicted of multiple offenses comprising many elements. In the alternative, the trial court predicted that Appellant would challenge the sufficiency of evidence admitted at trial to identify him as the assailant and to prove Mr. Jones sustained serious bodily injury. On the assumed issue on identity, the trial court summarily found sufficient evidence included a photo array identification made by the victim while a hospital patient and an in-court identification, and on the assumed issue on the element of serious bodily injury necessary to prove robbery, it summarily found sufficient evidence included the multiple bullet wounds the victim sustained to vital parts of his body that placed him in critical condition requiring drastic surgeries to sustain life and a two-year recovery. *See* Trial Court Opinion, 10/3/2024, at 10-11.

_____

[3] There are limited exceptions to this rule: (1) in the extraordinary case where the trial court determines that the ineffectiveness claim is both meritorious and apparent from the record; or (2) where good cause is shown for post-verdict review of ineffectiveness claims and the defendant has waived his right to file a petition under the PCRA. *Watson*, 310 A.3d at 310. A third exception, which requires trial courts to address ineffectiveness claims where the defendant is statutorily precluded from obtaining PCRA review, also may permit ineffectiveness review in a direct appeal. *Id*. Here, the trial court appropriately determined that no exception applied.

Third, the trial court rejected Appellant's contention that the trial court relied on the wrong edition of Pennsylvania's Sentencing Guidelines in imposing Appellant's sentence. To this argument, the trial court responded that it appropriately used the sentencing guidelines in effect at the time of the offense to assign a prior record score to his 1984 conviction for the purpose of setting his present sentence.

Finally, the trial court found the concise statement's vague challenge asserting "Violations of Petitioner's Pennsylvania and United States Constitutional rights under Article I, Section 9 and the Sixth, Eighth, and Fourth Amendments" were unreviewable because he specified neither the nature of the constitutional challenges nor what court proceedings or decisions gave rise to such violations.

Appellant's *pro se* brief presents for our consideration issues implicating the sufficiency of the evidence, the trial court's exercise of sentencing discretion in calculating the prior record score, whether the issuance of a search warrant based on a probable cause affidavit containing alleged inaccuracies violated his state and federal constitutional rights, and whether counsel rendered ineffective assistance in failing to challenge the warrant. **See** Brief of Appellant, at 4-5. We address each issue in turn.

In Appellant's first enumerated issue, Appellant asserts that the evidence was insufficient to sustain his convictions. The trial court opines that Appellant waived this issue by filing a generic, boilerplate statement of this issue in his Rule 1925(b) concise statement. We agree with the trial court

that the lack of specificity in Appellant's Rule 1925(b) statement requires waiver of this claim.

It is well settled that "[i]n order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." *Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009); *accord Commonwealth v. Garland*, 63 A.3d 339, 344 (Pa. Super. 2013). "Such specificity is of particular importance in cases where … the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." *Gibbs*, *supra* (citation omitted).

Specificity prevents the trial court from having to "act as counsel for Appellant and try to anticipate, guess or predict what Appellant wanted to appeal." *Commonwealth v. Lemon*, 804 A.2d 34, 39 (Pa. Super. 2002). When an appellant fails to identify in his Rule 1925(b) statement the specific elements of the specific crimes he is challenging, his claim is waived. *Gibbs*, 981 A.2d at 281; *Commonwealth v. Bonnett*, 239 A.3d 1096, 1106-07 (Pa. Super. 2020) (finding waiver due to blanket statement in Rule 1925(b) statement that there was "insufficient evidence to sustain a verdict of guilty of each charge in the case"); *Garland*, 63 A.3d at 344 (sufficiency claim waived where appellant's Rule 1925(b) statement "simply provided a generic statement stating '[t]he evidence was legally insufficient to support the convictions'"). *See also Commonwealth v. Cooper*, 328 A.3d 527 (non-

precedential decision) (Pa. Super. filed Sept. 25, 2024) at *4, **appeal denied**, No. 375 EAL 2024, 2025 WL 1022619 (Pa. Apr. 7, 2025).

Appellant was convicted on all six separate criminal offenses with which he was charged. Yet, he filed a generic and conclusory concise statement challenging, "Sufficiency of evidence where the evidence did not support the finding of a conviction[,]" that required the trial court to guess at which offenses and elements he sought to challenge.[4] Under our jurisprudence requiring specificity in a Rule 1925(b) statement, we deem his conclusory concise statement deficient as a matter of law to preserve his challenge for appellate review. Accordingly, he has waived his issue contesting the sufficiency of the evidence.

In Appellant's second enumerated issue, he contends the trial court abused its sentencing discretion when it calculated his prior record score by using the sentencing quidelines[5] in effect at the time he committed his present offenses instead of using the 1988 guidelines that were in effect at the time he committed the prior, 1988 offense. The result, he argues, produced an incorrect prior record score at sentencing. We disagree.

---

[4] Indeed, despite the trial court's best efforts, its Rule 1925(a) opinion did not correctly guess the various sufficiency challenges Appellant raised in his brief.

[5] To sentence Appellant, the trial court sentenced Appellant pursuant to Amendment 6 of the 7th Edition Sentencing Guidelines, which took effect on January 1, 2021, several months before Appellant committed the crimes in question. **See** 204 Pa. Code § 303.1(c)(2) 7th Ed., amend 6 (January 1, 2021).

A challenge to the calculation of the prior record score implicates the discretionary aspects of sentencing and thus must be preserved at sentencing or in a post-sentence motion. *Commonwealth v. Sunealitis,* 153 A.3d 414, 421 (Pa. Super. 2016) (a claim that sentencing guidelines were miscalculated is a challenge to the discretionary aspects of a sentence); *Commonwealth v. Archer*, 722 A.2d 203, 211 (Pa. Super. 1998) (*en banc*) (same); *see also Sheets*, 2023 PA Super 154, at *13 (failure to preserve a discretionary sentencing issue results in waiver). *Commonwealth v. Autrey*, 307 A.3d 660 (Pa. Super. 2023) (*citing Commonwealth v. Clary*, 226 A.3d at 579 (challenge to sentence must be stated must provide trial court opportunity to correct its sentence).[6]

Initially, we deem this sentencing issue waived. Because Appellant raised no objection to this aspect of the sentence in either his sentencing hearing, his counseled post-sentence motion, his subsequent *pro se* post-sentence motion entertained by the trial court, or at the hearing that followed his *pro se* motion—all instances when the trial court retained jurisdiction to act on the present request—this issue is waived for the purposes of appeal. *See* Pa.R.Crim.P. 720 (issues must be properly presented at sentencing or in a motion to reconsider and modify sentence to preserve it for appeal).

---

[6] The trial court's unfamiliarity with this issue is reflected in the opinion's cautious characterization of it as one that "appears" to present an argument "presumably" for purposes of determining prior record score. *See* Rule 1925(a) Opinion, 10/3/24, at 12.

Even if we were to review Appellant's briefed discretionary aspects of sentencing claim on its merits,[7] we would discern no merit to it. In making an argument to support the claim, Appellant appears to misconstrue the guidelines' passage stating, "the sentencing guidelines shall apply to all offenses committed on or after the effective date of the guidelines. Amendments to the guidelines shall apply to all offenses committed on or after the date the amendment becomes part of the guidelines." Brief of Appellant at 19 (quoting 204 PA ADC § 303a.2(a)(3) "Guideline sentencing standards. (a) *General provisions*").

Section 303a.2(a)(3) expresses guideline standards applicable to sentencing defendants on their present convictions. It does not, as Appellant

_____

[7] A discretionary aspects of sentence claim is not appealable as of right; the appellant must invoke this Court's jurisdiction by satisfying a four-part test. This Court must determine:

> (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly presented at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's claim has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (internal citations and brackets omitted).

Appellant has failed to present his challenge to the discretionary aspects of his sentence in a separate concise statement pursuant to the dictates of Pa.R.A.P. 2119(f). Because, however, the Commonwealth has not objected to Appellant's noncompliance with the rules of criminal procedure, we decline to find waiver on this basis.

- 11 -

seems to argue, direct that prior record scores shall be calculated using guidelines that were in effect at the time the prior offenses were committed. As the trial court applied matrices of the sentencing guidelines in effect when Appellant committed the offenses presently at issue, we find Appellant's challenge to court's exercise of sentencing discretion warrants no relief.

Appellant's third and final enumerated issue presents two related but distinct claims.[8] In one, he requests a remand to the trial court to rectify what he argues was prior counsel's failure to challenge the constitutionality of the search and arrest warrants issued against him  *See* Brief of Appellant at 21. As discussed *supra*, while there are specific circumstances under which ineffectiveness claims may be addressed on direct appeal, **Holmes**, 79 A.3d at 577-78, none is apparent in the present record.  Therefore, we do not address Appellant's ineffectiveness claim, as it must be deferred to collateral review.  **See Holmes**, **supra**; **Watson**, **supra**.

The other claim presented in Appellant's third issue offers a discrete challenge to the underlying search warrant itself, namely, that the search warrant served upon him was insufficiently supported by an inaccurate probable cause affidavit.  We observe, however, that Appellant failed to raise

---

[8] Our Supreme Court has declared that claims of ineffectiveness of counsel are generally distinct issues from the underlying claims upon which they are based. **See Commonwealth v. Collins**, 888 A.2d 564, 574-75 (Pa. 2005) (holding, *inter alia*, that claims that trial counsel was ineffective in failing to forward certain arguments in support of a motion to sever and a hearsay objection were not previously litigated although the underlying severance and hearsay issues were litigated on direct appeal).

this issue first with the trial court. It is axiomatic that "issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Therefore, we may not address this claim on the merits.

Judgment of sentence is Affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/28/2025

J-S14036-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEITH WARREN | : | |
| | : | |
| Appellant | : | No. 1838 EDA 2024 |

Appeal from the Judgment of Sentence Entered January 9, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001168-2022

BEFORE:   DUBOW, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED MAY 28, 2025**

Appellant, Keith Warren, appeals *pro se* from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County after the trial court, sitting as finder of fact in Appellant's non-jury trial, found him guilty of attempted murder and all other charged offenses, described *infra*.  After careful consideration, we affirm.

The trial court sets forth the relevant facts:

At approximately 5:26 a.m. in the morning of July 22, 2021, Mr. Warren [hereinafter "Appellant"] exited his house at 2708 W. Lehigh Avenue in Philadelphia, Pennsylvania.  Ex. C-11 (compilation video), at 5:26:35-44 a.m.; ***see also*** Ex. C-12, at 17:56:282-58:162 (Appellant acknowledging he lived at address). He walked three blocks to an abandoned  house at 2629 W. Silver Street in Philadelphia, Pennsylvania.  **See** Ex. C-11.   The abandoned house was used as a temporary residence by Mr. Byron Jones.  N.T., 04/25/2023, at 27-31.  Appellant knocked on

_____

[*] Former Justice specially assigned to the Superior Court.

the door and identified himself to Mr. Jones. *Id.* at 32. The men had a friendship and knew each other for several years. *Id.* at 83; *see also* Ex. C-12, at 18:03537-05:107, 18:19:452-572 (Appellant acknowledging that he knows Mr. Jones).

Once inside, Appellant asked, "[W]here that stash at? N.T., 04/25/2023, at 33. Appellant then shot Mr. Jones multiple times in the torso. *Id.* at 33-34, 36-37. Mr. Jones tried to escape up the stairs. *Id.* at 37. As Mr. Jones got to the top of the steps, Appellant said, "Give me money. Give me the money, and give me the money now, along with the stash." *Id.* at 38. Mr. Jones immediately gave Appellant the cash that he had in his pocket. *Id*. Appellant then went into a bedroom and took marijuana which was stored in a black bag. *Id*.

While Mr. Jones was sprawled out on the stairs, Appellant shot him several more times, emptying his clip. *Id.* at 39, 44; *see also* C-13i (recovered fired cartridge casings on second floor). Appellant reloaded the gun but did not fire it again. *Id.* at 45. Mr. Jones was playing dead. *Id*. at 45. Appellant was laughing at Mr. Jones. *Id.* Appellant kicked Mr. Jones in the leg. *Id.* at 47. Appellant went downstairs. *Id.* at 45. He turned off the lights, locked the door, closed it behind him, and walked home. *Id.* at 47; *see also* C-11.

Video cameras along Appellant's return route home that morning place him about ½ block from 2629 W. Silver Street at 5:55 a.m. Ex. C-11, at 5:55:41-52 a.m.; *see also* Ex. C-5b (still photo from 07/22/2021 video at 5:55 a.m.); N.T. 04/25/2023, at 118 (Appellant's statement to police acknowledging he is person in still photo). Appellant was walking in the direction of his house. *See* Ex. C-11. He was carrying a black plastic bag in his left hand. Ex. C-5b (still photo from 07/22/2021 video at 5:55 a.m.).

Although wounded from multiple gunshots, Mr. Jones managed to stumble outside and reach a neighbor's house. N.T., 04/25/2023, at 47. The neighbor called 911 at exactly 6 a.m. Ex. C-1 (time-stamped 911 call). Police Officer Meenah arrived on scene and assisted medics in placing Mr. Jones on a gurney. N.T. 04/25/2023, at 88-89. Mr. Jones was bleeding heavily and was incapable of verbalizing answers to questions. *Id.* at 90.

At the hospital, Mr. Jones was hypertensive and needed to be resuscitated and intubated. *Id.* at 149. He presented to the

emergency room with ten gunshot wounds—one to the arm and the remainder to the torso. Ex. C-22 (medical records). Mr. Jones underwent surgery wherein the surgeons sutured his liver, [resected] his small bowel, performed a hemicolectomy, and [resected] a gastric wedge to repair the injury to his stomach. *Id*. Mr. Jones remained in the hospital for approximately three weeks. Ex. C-22; *see also Id.* at 50-52, 149-151. As the result of the injuries Mr. Jones sustained from the shooting, . . . he still wore a colostomy bag two years later at the time of the trial. *Id.* at 51.

Five days after his admission to the hospital, Mr. Jones identified Appellant as his assailant from a photo array. Ex. C-6. At the time of these events, Appellant was a person prohibited from possessing a firearm due to a previous robbery conviction. N.T. 04/25/2023, at 146 (prior conviction stipulation); *see also* Ex. C-23 (certified criminal docket).

Trial Court Opinion, 10/03/2024, at 1-3.

The Commonwealth charged Appellant with attempted murder, 18 Pa.C.S. § 2502,[1] aggravated assault, 18 Pa.C.S. § 2702(a)(1), robbery-inflicting serious bodily injury, 18 Pa.C.S.§ 3701(a)(1)(i), simple assault, 18 Pa.C.S. § 2701(a), recklessly endangering another person, 18 Pa.C.S. § 2705, and violation of the Pennsylvania Uniform Firearms Act, §§ 6105, 6108. On April 28, 2023, after a two-day, non-jury trial in which Appellant was represented by counsel, Appellant was found guilty on all charges.[2]

A sentencing hearing originally scheduled for August of 2023, was continued several times to accommodate Appellant's filings to the

_____

[1] The attempted murder charge included a serious bodily injury enhancement pursuant to 18 Pa.C.S. § 1102(c).

[2] Because the trial court made no determination on whether the attempted murder caused serious bodily injury, it did not consider the corresponding increased maximum penalty.

Pennsylvania Supreme Court alleging ineffective assistance of defense counsel. The trial court eventually granted defense counsel's petition to withdraw and appointed new defense counsel, who represented Appellant at his January 9, 2024, sentencing hearing. At sentencing, the trial court imposed sentence after applying the sentencing guidelines in effect at the time Appellant committed the offenses at bar.

Defense counsel filed a timely post-sentence motion seeking arrest of judgment or, in the alternative, a new trial, but Appellant submitted a *pro se* amendment to his counseled post-trial motion and a subsequent motion to remove and replace his second court-appointed counsel with privately retained counsel. On May 7, 2024, the trial court entered an order granted Appellant's motion and extended the deadline for post-sentence motion submissions to June 17, 2024.

Appellant appeared at the June 17, 2024, hearing without counsel and informed the trial court that his preference was to self-represent. Accordingly, the trial court conducted a colloquy pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1988) (requiring trial court to make determination that defendant's waiver of right to counsel is knowing, intelligent and voluntary), and, afterward, permitted Appellant to proceed with the post-sentence hearing *pro se*. At the conclusion of the hearing, the trial court denied the post-sentence motion.

On July 1, 2024, Appellant filed a timely *pro se* notice of appeal. The trial court ordered Appellant to file a concise statement of matters complained

- 4 -

of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied, filing his concise statement on July 31, 2024. It raised sundry claims of ineffective assistance of trial counsel, challenged the "[s]ufficiency of the evidence where the evidence did not support the finding of a conviction[,]" claimed an "[a]buse of sentencing where [the trial court] sentenced Appellant using the current guideline[s] where Appellant should have been sentenced using the 1988 guidelines when this is when his last conviction occurred," and asserted "[v]iolations of [his] Pennsylvania and United States Constitutional rights under Article I, Section 9 and the Sixth, Eighth, and Fourth Amendments." Appellant's *pro se* "Concise Statement of Matters Complained of on Appeal Pursuant to [Pa.]R.A.P. 1925(b)."

The trial court's responsive Pa.R.A.P. 1925(a) opinion addressed Appellant's concise statement. First, the trial court summarily dismissed Appellant's discrete claims of ineffective assistance of counsel as prematurely raised on direct appeal, citing decisional law reaffirming the general rule set forth initially in **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002), that "claims of ineffective assistance of counsel are to be deferred to [Post Conviction Relief Act ('PCRA'), 42 Pa.C.S. §§ 9541-9546] review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal[]" unless one of three limited exceptions to the general rule is met, which is not the case here. **See Commonwealth v. Holmes**, 79 A.3d 562, 576 (Pa. 2013) (footnote

omitted); *see also Commonwealth v. Watson*, 310 A.3d 307, 310 (Pa. Super. 2024) (reiterating the holding in *Holmes*).[3]

Second, the trial court deemed unreviewable Appellant's sufficiency of the evidence issue because it was stated non-specifically and in boilerplate fashion despite a record in which Appellant had been charged with and convicted of multiple offenses comprising many elements. In the alternative, the trial court predicted that Appellant would challenge the sufficiency of evidence admitted at trial to identify him as the assailant and to prove Mr. Jones sustained serious bodily injury. On the assumed issue on identity, the trial court summarily found sufficient evidence included a photo array identification made by the victim while a hospital patient and an in-court identification, and on the assumed issue on the element of serious bodily injury necessary to prove robbery, it summarily found sufficient evidence included the multiple bullet wounds the victim sustained to vital parts of his body that placed him in critical condition requiring drastic surgeries to sustain life and a two-year recovery. *See* Trial Court Opinion, 10/3/2024, at 10-11.

_____

[3] There are limited exceptions to this rule: (1) in the extraordinary case where the trial court determines that the ineffectiveness claim is both meritorious and apparent from the record; or (2) where good cause is shown for post-verdict review of ineffectiveness claims and the defendant has waived his right to file a petition under the PCRA. *Watson*, 310 A.3d at 310. A third exception, which requires trial courts to address ineffectiveness claims where the defendant is statutorily precluded from obtaining PCRA review, also may permit ineffectiveness review in a direct appeal. *Id*. Here, the trial court appropriately determined that no exception applied.

Third, the trial court rejected Appellant's contention that the trial court relied on the wrong edition of Pennsylvania's Sentencing Guidelines in imposing Appellant's sentence. To this argument, the trial court responded that it appropriately used the sentencing guidelines in effect at the time of the offense to assign a prior record score to his 1984 conviction for the purpose of setting his present sentence.

Finally, the trial court found the concise statement's vague challenge asserting "Violations of Petitioner's Pennsylvania and United States Constitutional rights under Article I, Section 9 and the Sixth, Eighth, and Fourth Amendments" were unreviewable because he specified neither the nature of the constitutional challenges nor what court proceedings or decisions gave rise to such violations.

Appellant's *pro se* brief presents for our consideration issues implicating the sufficiency of the evidence, the trial court's exercise of sentencing discretion in calculating the prior record score, whether the issuance of a search warrant based on a probable cause affidavit containing alleged inaccuracies violated his state and federal constitutional rights, and whether counsel rendered ineffective assistance in failing to challenge the warrant. *See* Brief of Appellant, at 4-5. We address each issue in turn.

In Appellant's first enumerated issue, Appellant asserts that the evidence was insufficient to sustain his convictions. The trial court opines that Appellant waived this issue by filing a generic, boilerplate statement of this issue in his Rule 1925(b) concise statement. We agree with the trial court

that the lack of specificity in Appellant's Rule 1925(b) statement requires waiver of this claim.

It is well settled that "[i]n order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." **Commonwealth v. Gibbs**, 981 A.2d 274, 281 (Pa. Super. 2009); **accord Commonwealth v. Garland**, 63 A.3d 339, 344 (Pa. Super. 2013). "Such specificity is of particular importance in cases where … the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." **Gibbs**, **supra** (citation omitted).

Specificity prevents the trial court from having to "act as counsel for Appellant and try to anticipate, guess or predict what Appellant wanted to appeal." **Commonwealth v. Lemon**, 804 A.2d 34, 39 (Pa. Super. 2002). When an appellant fails to identify in his Rule 1925(b) statement the specific elements of the specific crimes he is challenging, his claim is waived. **Gibbs**, 981 A.2d at 281; **Commonwealth v. Bonnett**, 239 A.3d 1096, 1106-07 (Pa. Super. 2020) (finding waiver due to blanket statement in Rule 1925(b) statement that there was "insufficient evidence to sustain a verdict of guilty of each charge in the case"); **Garland**, 63 A.3d at 344 (sufficiency claim waived where appellant's Rule 1925(b) statement "simply provided a generic statement stating '[t]he evidence was legally insufficient to support the convictions'"). **See also Commonwealth v. Cooper**, 328 A.3d 527 (non-

- 8 -

precedential decision) (Pa. Super. filed Sept. 25, 2024) at *4, ***appeal denied****,*
No. 375 EAL 2024, 2025 WL 1022619 (Pa. Apr. 7, 2025).

Appellant was convicted on all six separate criminal offenses with which
he was charged. Yet, he filed a generic and conclusory concise statement
challenging, "Sufficiency of evidence where the evidence did not support the
finding of a conviction[,]" that required the trial court to guess at which
offenses and elements he sought to challenge.[4] Under our jurisprudence
requiring specificity in a Rule 1925(b) statement, we deem his conclusory
concise statement deficient as a matter of law to preserve his challenge for
appellate review. Accordingly, he has waived his issue contesting the
sufficiency of the evidence.

In Appellant's second enumerated issue, he contends the trial court
abused its sentencing discretion when it calculated his prior record score by
using the sentencing quidelines[5] in effect at the time he committed his present
offenses instead of using the 1988 guidelines that were in effect at the time
he committed the prior, 1988 offense. The result, he argues, produced an
incorrect prior record score at sentencing. We disagree.

---

[4] Indeed, despite the trial court's best efforts, its Rule 1925(a) opinion did not
correctly guess the various sufficiency challenges Appellant raised in his brief.

[5] To sentence Appellant, the trial court sentenced Appellant pursuant to
Amendment 6 of the 7th Edition Sentencing Guidelines, which took effect on
January 1, 2021, several months before Appellant committed the crimes in
question. ***See*** 204 Pa. Code § 303.1(c)(2) 7th Ed., amend 6 (January 1,
2021).

A challenge to the calculation of the prior record score implicates the discretionary aspects of sentencing and thus must be preserved at sentencing or in a post-sentence motion. ***Commonwealth v. Sunealitis,*** 153 A.3d 414, 421 (Pa. Super. 2016) (a claim that sentencing guidelines were miscalculated is a challenge to the discretionary aspects of a sentence); ***Commonwealth v. Archer***, 722 A.2d 203, 211 (Pa. Super. 1998) (*en banc*) (same); ***see also Sheets***, 2023 PA Super 154, at *13 (failure to preserve a discretionary sentencing issue results in waiver). ***Commonwealth v. Autrey***, 307 A.3d 660 (Pa. Super. 2023) (*citing* ***Commonwealth v. Clary***, 226 A.3d at 579 (challenge to sentence must be stated must provide trial court opportunity to correct its sentence).[6]

Initially, we deem this sentencing issue waived. Because Appellant raised no objection to this aspect of the sentence in either his sentencing hearing, his counseled post-sentence motion, his subsequent *pro se* post-sentence motion entertained by the trial court, or at the hearing that followed his *pro se* motion—all instances when the trial court retained jurisdiction to act on the present request—this issue is waived for the purposes of appeal. ***See*** Pa.R.Crim.P. 720 (issues must be properly presented at sentencing or in a motion to reconsider and modify sentence to preserve it for appeal).

---

[6] The trial court's unfamiliarity with this issue is reflected in the opinion's cautious characterization of it as one that "appears" to present an argument "presumably" for purposes of determining prior record score. ***See*** Rule 1925(a) Opinion, 10/3/24, at 12.

Even if we were to review Appellant's briefed discretionary aspects of sentencing claim on its merits,[7] we would discern no merit to it. In making an argument to support the claim, Appellant appears to misconstrue the guidelines' passage stating, "the sentencing guidelines shall apply to all offenses committed on or after the effective date of the guidelines. Amendments to the guidelines shall apply to all offenses committed on or after the date the amendment becomes part of the guidelines." Brief of Appellant at 19 (quoting 204 PA ADC § 303a.2(a)(3) "Guideline sentencing standards. (a) *General provisions*").

Section 303a.2(a)(3) expresses guideline standards applicable to sentencing defendants on their present convictions. It does not, as Appellant

---

[7] A discretionary aspects of sentence claim is not appealable as of right; the appellant must invoke this Court's jurisdiction by satisfying a four-part test. This Court must determine:

> (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly presented at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's claim has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (internal citations and brackets omitted).

Appellant has failed to present his challenge to the discretionary aspects of his sentence in a separate concise statement pursuant to the dictates of Pa.R.A.P. 2119(f). Because, however, the Commonwealth has not objected to Appellant's noncompliance with the rules of criminal procedure, we decline to find waiver on this basis.

- 11 -

seems to argue, direct that prior record scores shall be calculated using guidelines that were in effect at the time the prior offenses were committed. As the trial court applied matrices of the sentencing guidelines in effect when Appellant committed the offenses presently at issue, we find Appellant's challenge to court's exercise of sentencing discretion warrants no relief.

Appellant's third and final enumerated issue presents two related but distinct claims.[8] In one, he requests a remand to the trial court to rectify what he argues was prior counsel's failure to challenge the constitutionality of the search and arrest warrants issued against him  *See* Brief of Appellant at 21. As discussed *supra*, while there are specific circumstances under which ineffectiveness claims may be addressed on direct appeal, **Holmes**, 79 A.3d at 577-78, none is apparent in the present record.  Therefore, we do not address Appellant's ineffectiveness claim, as it must be deferred to collateral review.  **See Holmes**, **supra**; **Watson**, **supra**.

The other claim presented in Appellant's third issue offers a discrete challenge to the underlying search warrant itself, namely, that the search warrant served upon him was insufficiently supported by an inaccurate probable cause affidavit.  We observe, however, that Appellant failed to raise

---

[8] Our Supreme Court has declared that claims of ineffectiveness of counsel are generally distinct issues from the underlying claims upon which they are based. **See Commonwealth v. Collins**, 888 A.2d 564, 574-75 (Pa. 2005) (holding, *inter alia*, that claims that trial counsel was ineffective in failing to forward certain arguments in support of a motion to sever and a hearsay objection were not previously litigated although the underlying severance and hearsay issues were litigated on direct appeal).

this issue first with the trial court. It is axiomatic that "issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Therefore, we may not address this claim on the merits.

Judgment of sentence is Affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/28/2025

J-S14036-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                 :   PENNSYLVANIA
                                                 :
                  v.                        :
                                                 :
KEITH WARREN                        :
                                                 :
                Appellant       :   No. 1838 EDA 2024

Appeal from the Judgment of Sentence Entered January 9, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001168-2022

BEFORE:   DUBOW, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:               **FILED MAY 28, 2025**

Appellant, Keith Warren, appeals *pro se* from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County after the trial court, sitting as finder of fact in Appellant's non-jury trial, found him guilty of attempted murder and all other charged offenses, described *infra*. After careful consideration, we affirm.

The trial court sets forth the relevant facts:

> At approximately 5:26 a.m. in the morning of July 22, 2021, Mr. Warren [hereinafter "Appellant"] exited his house at 2708 W. Lehigh Avenue in Philadelphia, Pennsylvania. Ex. C-11 (compilation video), at 5:26:35-44 a.m.; ***see also*** Ex. C-12, at 17:56:282-58:162 (Appellant acknowledging he lived at address). He walked three blocks to an abandoned house at 2629 W. Silver Street in Philadelphia, Pennsylvania. ***See*** Ex. C-11. The abandoned house was used as a temporary residence by Mr. Byron Jones. N.T., 04/25/2023, at 27-31. Appellant knocked on

_____

[*] Former Justice specially assigned to the Superior Court.

the door and identified himself to Mr. Jones. ***Id.*** at 32. The men had a friendship and knew each other for several years. ***Id.*** at 83; ***see also*** Ex. C-12, at 18:03537-05:107, 18:19:452-572 (Appellant acknowledging that he knows Mr. Jones).

Once inside, Appellant asked, "[W]here that stash at? N.T., 04/25/2023, at 33. Appellant then shot Mr. Jones multiple times in the torso. ***Id.*** at 33-34, 36-37. Mr. Jones tried to escape up the stairs. ***Id***. at 37. As Mr. Jones got to the top of the steps, Appellant said, "Give me money. Give me the money, and give me the money now, along with the stash." ***Id.*** at 38. Mr. Jones immediately gave Appellant the cash that he had in his pocket. ***Id***. Appellant then went into a bedroom and took marijuana which was stored in a black bag. ***Id***.

While Mr. Jones was sprawled out on the stairs, Appellant shot him several more times, emptying his clip. ***Id.*** at 39, 44; ***see also*** C-13i (recovered fired cartridge casings on second floor). Appellant reloaded the gun but did not fire it again. ***Id.*** at 45. Mr. Jones was playing dead. ***Id***. at 45. Appellant was laughing at Mr. Jones. ***Id.*** Appellant kicked Mr. Jones in the leg. ***Id.*** at 47. Appellant went downstairs. ***Id.*** at 45. He turned off the lights, locked the door, closed it behind him, and walked home. ***Id.*** at 47; ***see also*** C-11.

Video cameras along Appellant's return route home that morning place him about ½ block from 2629 W. Silver Street at 5:55 a.m. Ex. C-11, at 5:55:41-52 a.m.; ***see also*** Ex. C-5b (still photo from 07/22/2021 video at 5:55 a.m.); N.T. 04/25/2023, at 118 (Appellant's statement to police acknowledging he is person in still photo). Appellant was walking in the direction of his house. ***See*** Ex. C-11. He was carrying a black plastic bag in his left hand. Ex. C-5b (still photo from 07/22/2021 video at 5:55 a.m.).

Although wounded from multiple gunshots, Mr. Jones managed to stumble outside and reach a neighbor's house. N.T., 04/25/2023, at 47. The neighbor called 911 at exactly 6 a.m. Ex. C-1 (time-stamped 911 call). Police Officer Meenah arrived on scene and assisted medics in placing Mr. Jones on a gurney. N.T. 04/25/2023, at 88-89. Mr. Jones was bleeding heavily and was incapable of verbalizing answers to questions. ***Id.*** at 90.

At the hospital, Mr. Jones was hypertensive and needed to be resuscitated and intubated. ***Id.*** at 149. He presented to the

emergency room with ten gunshot wounds—one to the arm and the remainder to the torso. Ex. C-22 (medical records). Mr. Jones underwent surgery wherein the surgeons sutured his liver, [resected] his small bowel, performed a hemicolectomy, and [resected] a gastric wedge to repair the injury to his stomach. *Id*. Mr. Jones remained in the hospital for approximately three weeks. Ex. C-22; *see also Id.* at 50-52, 149-151. As the result of the injuries Mr. Jones sustained from the shooting, . . . he still wore a colostomy bag two years later at the time of the trial. *Id.* at 51.

Five days after his admission to the hospital, Mr. Jones identified Appellant as his assailant from a photo array. Ex. C-6. At the time of these events, Appellant was a person prohibited from possessing a firearm due to a previous robbery conviction. N.T. 04/25/2023, at 146 (prior conviction stipulation); *see also* Ex. C-23 (certified criminal docket).

Trial Court Opinion, 10/03/2024, at 1-3.

The Commonwealth charged Appellant with attempted murder, 18 Pa.C.S. § 2502,[1] aggravated assault, 18 Pa.C.S. § 2702(a)(1), robbery-inflicting serious bodily injury, 18 Pa.C.S.§ 3701(a)(1)(i), simple assault, 18 Pa.C.S. § 2701(a), recklessly endangering another person, 18 Pa.C.S. § 2705, and violation of the Pennsylvania Uniform Firearms Act, §§ 6105, 6108. On April 28, 2023, after a two-day, non-jury trial in which Appellant was represented by counsel, Appellant was found guilty on all charges.[2]

A sentencing hearing originally scheduled for August of 2023, was continued several times to accommodate Appellant's filings to the

---

[1] The attempted murder charge included a serious bodily injury enhancement pursuant to 18 Pa.C.S. § 1102(c).

[2] Because the trial court made no determination on whether the attempted murder caused serious bodily injury, it did not consider the corresponding increased maximum penalty.

- 3 -

Pennsylvania Supreme Court alleging ineffective assistance of defense counsel. The trial court eventually granted defense counsel's petition to withdraw and appointed new defense counsel, who represented Appellant at his January 9, 2024, sentencing hearing. At sentencing, the trial court imposed sentence after applying the sentencing guidelines in effect at the time Appellant committed the offenses at bar.

Defense counsel filed a timely post-sentence motion seeking arrest of judgment or, in the alternative, a new trial, but Appellant submitted a *pro se* amendment to his counseled post-trial motion and a subsequent motion to remove and replace his second court-appointed counsel with privately retained counsel. On May 7, 2024, the trial court entered an order granted Appellant's motion and extended the deadline for post-sentence motion submissions to June 17, 2024.

Appellant appeared at the June 17, 2024, hearing without counsel and informed the trial court that his preference was to self-represent. Accordingly, the trial court conducted a colloquy pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1988) (requiring trial court to make determination that defendant's waiver of right to counsel is knowing, intelligent and voluntary), and, afterward, permitted Appellant to proceed with the post-sentence hearing *pro se*. At the conclusion of the hearing, the trial court denied the post-sentence motion.

On July 1, 2024, Appellant filed a timely *pro se* notice of appeal. The trial court ordered Appellant to file a concise statement of matters complained

- 4 -

of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied, filing his concise statement on July 31, 2024. It raised sundry claims of ineffective assistance of trial counsel, challenged the "[s]ufficiency of the evidence where the evidence did not support the finding of a conviction[,]" claimed an "[a]buse of sentencing where [the trial court] sentenced Appellant using the current guideline[s] where Appellant should have been sentenced using the 1988 guidelines when this is when his last conviction occurred," and asserted "[v]iolations of [his] Pennsylvania and United States Constitutional rights under Article I, Section 9 and the Sixth, Eighth, and Fourth Amendments." Appellant's *pro se* "Concise Statement of Matters Complained of on Appeal Pursuant to [Pa.]R.A.P. 1925(b)."

The trial court's responsive Pa.R.A.P. 1925(a) opinion addressed Appellant's concise statement. First, the trial court summarily dismissed Appellant's discrete claims of ineffective assistance of counsel as prematurely raised on direct appeal, citing decisional law reaffirming the general rule set forth initially in **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002), that "claims of ineffective assistance of counsel are to be deferred to [Post Conviction Relief Act ('PCRA'), 42 Pa.C.S. §§ 9541-9546] review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal[]" unless one of three limited exceptions to the general rule is met, which is not the case here. **See Commonwealth v. Holmes**, 79 A.3d 562, 576 (Pa. 2013) (footnote

omitted); *see also Commonwealth v. Watson*, 310 A.3d 307, 310 (Pa. Super. 2024) (reiterating the holding in *Holmes*).[3]

Second, the trial court deemed unreviewable Appellant's sufficiency of the evidence issue because it was stated non-specifically and in boilerplate fashion despite a record in which Appellant had been charged with and convicted of multiple offenses comprising many elements. In the alternative, the trial court predicted that Appellant would challenge the sufficiency of evidence admitted at trial to identify him as the assailant and to prove Mr. Jones sustained serious bodily injury. On the assumed issue on identity, the trial court summarily found sufficient evidence included a photo array identification made by the victim while a hospital patient and an in-court identification, and on the assumed issue on the element of serious bodily injury necessary to prove robbery, it summarily found sufficient evidence included the multiple bullet wounds the victim sustained to vital parts of his body that placed him in critical condition requiring drastic surgeries to sustain life and a two-year recovery. *See* Trial Court Opinion, 10/3/2024, at 10-11.

_____

[3] There are limited exceptions to this rule: (1) in the extraordinary case where the trial court determines that the ineffectiveness claim is both meritorious and apparent from the record; or (2) where good cause is shown for post-verdict review of ineffectiveness claims and the defendant has waived his right to file a petition under the PCRA. *Watson*, 310 A.3d at 310. A third exception, which requires trial courts to address ineffectiveness claims where the defendant is statutorily precluded from obtaining PCRA review, also may permit ineffectiveness review in a direct appeal. *Id*. Here, the trial court appropriately determined that no exception applied.

Third, the trial court rejected Appellant's contention that the trial court relied on the wrong edition of Pennsylvania's Sentencing Guidelines in imposing Appellant's sentence. To this argument, the trial court responded that it appropriately used the sentencing guidelines in effect at the time of the offense to assign a prior record score to his 1984 conviction for the purpose of setting his present sentence.

Finally, the trial court found the concise statement's vague challenge asserting "Violations of Petitioner's Pennsylvania and United States Constitutional rights under Article I, Section 9 and the Sixth, Eighth, and Fourth Amendments" were unreviewable because he specified neither the nature of the constitutional challenges nor what court proceedings or decisions gave rise to such violations.

Appellant's *pro se* brief presents for our consideration issues implicating the sufficiency of the evidence, the trial court's exercise of sentencing discretion in calculating the prior record score, whether the issuance of a search warrant based on a probable cause affidavit containing alleged inaccuracies violated his state and federal constitutional rights, and whether counsel rendered ineffective assistance in failing to challenge the warrant. *See* Brief of Appellant, at 4-5. We address each issue in turn.

In Appellant's first enumerated issue, Appellant asserts that the evidence was insufficient to sustain his convictions. The trial court opines that Appellant waived this issue by filing a generic, boilerplate statement of this issue in his Rule 1925(b) concise statement. We agree with the trial court

that the lack of specificity in Appellant's Rule 1925(b) statement requires waiver of this claim.

It is well settled that "[i]n order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." *Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009); *accord Commonwealth v. Garland*, 63 A.3d 339, 344 (Pa. Super. 2013). "Such specificity is of particular importance in cases where ... the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." *Gibbs*, *supra* (citation omitted).

Specificity prevents the trial court from having to "act as counsel for Appellant and try to anticipate, guess or predict what Appellant wanted to appeal." *Commonwealth v. Lemon*, 804 A.2d 34, 39 (Pa. Super. 2002). When an appellant fails to identify in his Rule 1925(b) statement the specific elements of the specific crimes he is challenging, his claim is waived. *Gibbs*, 981 A.2d at 281; *Commonwealth v. Bonnett*, 239 A.3d 1096, 1106-07 (Pa. Super. 2020) (finding waiver due to blanket statement in Rule 1925(b) statement that there was "insufficient evidence to sustain a verdict of guilty of each charge in the case"); *Garland*, 63 A.3d at 344 (sufficiency claim waived where appellant's Rule 1925(b) statement "simply provided a generic statement stating '[t]he evidence was legally insufficient to support the convictions'"). *See also Commonwealth v. Cooper*, 328 A.3d 527 (non-

- 8 -

precedential decision) (Pa. Super. filed Sept. 25, 2024) at *4, ***appeal denied***, No. 375 EAL 2024, 2025 WL 1022619 (Pa. Apr. 7, 2025).

Appellant was convicted on all six separate criminal offenses with which he was charged. Yet, he filed a generic and conclusory concise statement challenging, "Sufficiency of evidence where the evidence did not support the finding of a conviction[,]" that required the trial court to guess at which offenses and elements he sought to challenge.[4] Under our jurisprudence requiring specificity in a Rule 1925(b) statement, we deem his conclusory concise statement deficient as a matter of law to preserve his challenge for appellate review. Accordingly, he has waived his issue contesting the sufficiency of the evidence.

In Appellant's second enumerated issue, he contends the trial court abused its sentencing discretion when it calculated his prior record score by using the sentencing quidelines[5] in effect at the time he committed his present offenses instead of using the 1988 guidelines that were in effect at the time he committed the prior, 1988 offense. The result, he argues, produced an incorrect prior record score at sentencing. We disagree.

---

[4] Indeed, despite the trial court's best efforts, its Rule 1925(a) opinion did not correctly guess the various sufficiency challenges Appellant raised in his brief.

[5] To sentence Appellant, the trial court sentenced Appellant pursuant to Amendment 6 of the 7th Edition Sentencing Guidelines, which took effect on January 1, 2021, several months before Appellant committed the crimes in question. ***See*** 204 Pa. Code § 303.1(c)(2) 7th Ed., amend 6 (January 1, 2021).

A challenge to the calculation of the prior record score implicates the discretionary aspects of sentencing and thus must be preserved at sentencing or in a post-sentence motion. **Commonwealth v. Sunealitis,** 153 A.3d 414, 421 (Pa. Super. 2016) (a claim that sentencing guidelines were miscalculated is a challenge to the discretionary aspects of a sentence); **Commonwealth v. Archer**, 722 A.2d 203, 211 (Pa. Super. 1998) (*en banc*) (same); **see also Sheets**, 2023 PA Super 154, at *13 (failure to preserve a discretionary sentencing issue results in waiver). **Commonwealth v. Autrey**, 307 A.3d 660 (Pa. Super. 2023) (*citing* **Commonwealth v. Clary**, 226 A.3d at 579 (challenge to sentence must be stated must provide trial court opportunity to correct its sentence).[6]

Initially, we deem this sentencing issue waived. Because Appellant raised no objection to this aspect of the sentence in either his sentencing hearing, his counseled post-sentence motion, his subsequent *pro se* post-sentence motion entertained by the trial court, or at the hearing that followed his *pro se* motion—all instances when the trial court retained jurisdiction to act on the present request—this issue is waived for the purposes of appeal. **See** Pa.R.Crim.P. 720 (issues must be properly presented at sentencing or in a motion to reconsider and modify sentence to preserve it for appeal).

---

[6] The trial court's unfamiliarity with this issue is reflected in the opinion's cautious characterization of it as one that "appears" to present an argument "presumably" for purposes of determining prior record score. **See** Rule 1925(a) Opinion, 10/3/24, at 12.

Even if we were to review Appellant's briefed discretionary aspects of sentencing claim on its merits,[7] we would discern no merit to it. In making an argument to support the claim, Appellant appears to misconstrue the guidelines' passage stating, "the sentencing guidelines shall apply to all offenses committed on or after the effective date of the guidelines. Amendments to the guidelines shall apply to all offenses committed on or after the date the amendment becomes part of the guidelines." Brief of Appellant at 19 (quoting 204 PA ADC § 303a.2(a)(3) "Guideline sentencing standards. (a) *General provisions*").

Section 303a.2(a)(3) expresses guideline standards applicable to sentencing defendants on their present convictions. It does not, as Appellant

_____

[7] A discretionary aspects of sentence claim is not appealable as of right; the appellant must invoke this Court's jurisdiction by satisfying a four-part test. This Court must determine:

> (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly presented at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's claim has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (internal citations and brackets omitted).

Appellant has failed to present his challenge to the discretionary aspects of his sentence in a separate concise statement pursuant to the dictates of Pa.R.A.P. 2119(f). Because, however, the Commonwealth has not objected to Appellant's noncompliance with the rules of criminal procedure, we decline to find waiver on this basis.

seems to argue, direct that prior record scores shall be calculated using guidelines that were in effect at the time the prior offenses were committed. As the trial court applied matrices of the sentencing guidelines in effect when Appellant committed the offenses presently at issue, we find Appellant's challenge to court's exercise of sentencing discretion warrants no relief.

Appellant's third and final enumerated issue presents two related but distinct claims.[8] In one, he requests a remand to the trial court to rectify what he argues was prior counsel's failure to challenge the constitutionality of the search and arrest warrants issued against him  *See* Brief of Appellant at 21. As discussed *supra*, while there are specific circumstances under which ineffectiveness claims may be addressed on direct appeal, ***Holmes***, 79 A.3d at 577-78, none is apparent in the present record.  Therefore, we do not address Appellant's ineffectiveness claim, as it must be deferred to collateral review. ***See Holmes***, ***supra***; ***Watson***, ***supra***.

The other claim presented in Appellant's third issue offers a discrete challenge to the underlying search warrant itself, namely, that the search warrant served upon him was insufficiently supported by an inaccurate probable cause affidavit.  We observe, however, that Appellant failed to raise

---

[8] Our Supreme Court has declared that claims of ineffectiveness of counsel are generally distinct issues from the underlying claims upon which they are based. ***See Commonwealth v. Collins***, 888 A.2d 564, 574-75 (Pa. 2005) (holding, *inter alia*, that claims that trial counsel was ineffective in failing to forward certain arguments in support of a motion to sever and a hearsay objection were not previously litigated although the underlying severance and hearsay issues were litigated on direct appeal).

this issue first with the trial court. It is axiomatic that "issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Therefore, we may not address this claim on the merits.

Judgment of sentence is Affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/28/2025